COMMONWEALTH of Pennsylvania,
Appellant,

v.

Thomas Lee EDRINGTON, Appellee.

Commonwealth of Pennsylvania,
Appellee,

v.

Thomas Lee Edrington, Appellant.

Superior Court of Pennsylvania.

Submitted March 19, 2001.
Filed July 20, 2001.

Deborah E. Curcillo, Asst. Dist. Atty., Harrisburg, for Commonwealth.

Jeffrey B. Engle, Millersburg, for Edrington.

Before: EAKIN, J., CERCONE, President Judge Emeritus, and KELLY, J.

KELLY, J.

¶ 1 The Commonwealth asks us to determine whether the trial court erroneously failed to sentence Appellee/Cross–Appellant, Thomas Lee Edrington, to the mandatory minimum sentence of twenty-five years pursuant to 42 Pa.C.S.A § 9714, following a guilty plea to his third violent offense. We hold that the Commonwealth's issue challenging the legality of Edrington's sentence is cognizable on appeal, despite the Commonwealth's failure to file the ordered Rule 1925(b) Concise Statement of Matters Complained of on Appeal. We further hold that the trial court erred when it refused to apply the mandatory sentencing provision of Section 9714(a)(2) after Edrington pled guilty to his third violent offense. Accordingly, we vacate Edrington's judgment of sentence and remand for resentencing.

¶ 2 Edrington's cross-appeal in this case asks us to determine whether the trial court erred when it sentenced him to ten to twenty years' incarceration on his aggravated assault conviction, without reference to the sentencing guidelines. We hold that we lack jurisdiction to grant or deny allowance of appeal as to the discretionary aspects of his sentence, because Edrington failed to file a timely notice of appeal. Accordingly, we dismiss Edrington's cross-appeal as untimely.

¶ 3 The relevant facts and procedural history of this appeal are as follows. On August 9, 2000, Edrington entered a guilty plea to charges of aggravated assault,[1] unlawful restraint,[2] false imprisonment,[3] and simple assault.[4] Rejecting the Commonwealth's request that Edrington be sentenced under 42 Pa.C.S.A § 9714(a)(2), the trial court sentenced him to ten to twenty years' incarceration on the aggravated assault charge. The court imposed a concurrent one to two year sentence on the unlawful restraint charge, and merged the false imprisonment charge with unlawful restraint for sentencing purposes. Finally, the trial court imposed a concurrent one to two years of imprisonment on the simple assault charge. Edrington had been convicted twice before on charges of aggravated assault and burglary, respectively.

¶ 4 The Commonwealth filed a notice of appeal on September 1, 2000. On September 6, 2000, the trial court ordered the Commonwealth to file a concise statement of matters complained of on appeal under threat of waiver pursuant to Pa.R.A.P. 1925(b). No Rule 1925(b) statement appears in the record. Edrington filed his notice of cross-appeal on September 26,

1. 18 Pa.C.S.A. § 2702(a)(1).

2. 18 Pa.C.S.A. § 2902(1).

3. 18 Pa.C.S.A. § 2903.

4. 18 Pa.C.S.A. § 2701(a)(1).

2000. Both the Commonwealth and Edrington filed briefs with this Court. No trial court opinion appears in the record.

■ ¶ 5 We first address the Commonwealth's appeal. At docket No. 1651 MDA 2000, the Commonwealth raises the following issue for our review:

WHETHER THE SENTENCING COURT ABUSED ITS DISCRETION BY FAILING TO SENTENCE [EDRINGTON] TO THE MANDATORY TERM OF INCARCERATION?

(Commonwealth's Brief at 4). Although the Commonwealth has framed its issue as a challenge to the discretionary aspects of sentencing, it actually challenges the legality of Edrington's sentence. *See Commonwealth v. Vasquez,* 560 Pa. 381, 744 A.2d 1280 (2000) (stating application of mandatory sentencing provision implicates legality of sentence, not discretionary aspects of sentence).

■ ¶ 6 Initially, we must decide whether the Commonwealth's failure to file a Rule 1925(b) statement waives this issue on appeal. So long as jurisdictional requirements are met, "[a]n illegal sentence can never be waived and may be reviewed *sua sponte* by this court." *Commonwealth v. Archer,* 722 A.2d 203, 209 (Pa.Super.1998). *See generally Commonwealth v. Fahy,* 558 Pa. 313, 737 A.2d 214 (1999) (holding legality of sentence issue must give way to jurisdictional time limits). On the other hand, our Supreme Court has stated, "In order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." *Commonwealth v. Lord,* 553 Pa. 415, 420, 719 A.2d 306, 309 (1998). The Court explained the reason for its strict waiver doctrine as follows:

The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process.

*Id.* at 419, 719 A.2d at 308.

¶ 7 In the instant case, the trial court ordered the Commonwealth to file a Rule 1925(b) statement, but no such statement appears in the record or on the docket. Generally, the Commonwealth's failure to file a Rule 1925(b) statement would render its issues waived for purposes of appeal. *See Lord, supra.* Here, however, the Commonwealth's only issue challenges the legality of Edrington's sentence, which can be raised *sua sponte* by this Court, where our jurisdiction is firm. *See Archer, supra.* Such an issue is routinely considered on appeal without the benefit of a trial court opinion. Thus, *Lord's* concern that the lack of a trial court opinion precludes effective appellate review is not implicated here. Therefore, we conclude that the Commonwealth's challenge to the legality of Edrington's sentence is cognizable, despite the Commonwealth's failure to file a Rule 1925(b) statement. *See generally Commonwealth v. Smith,* 772 A.2d 75, 81 n. 10 (Pa.Super.2001) (suggesting review of legality of sentence issue, although not raised in concise statement of matters complained of on appeal). Moreover, even if we were to deem the Commonwealth's issue waived, then we could still conceivably raise the issue *sua sponte.* Accordingly, we proceed to address whether Edrington's sentence was a legal one.

■ ¶ 8 The Commonwealth argues that the present guilty plea represents Edrington's third conviction for a crime of violence. The Commonwealth contends that Edrington is therefore subject to a manda-

tory term of no less than twenty-five years pursuant to 42 Pa.C.S.A. § 9714(a)(2). The Commonwealth maintains that the trial court erroneously sentenced Edrington to only ten to twenty years. The Commonwealth concludes that Edrington's sentence must be vacated and the case remanded for resentencing pursuant to 42 Pa.C.S.A. § 9714(a)(2). We agree.

¶ 9 At the time Edrington was sentenced, Section 9714(a)(1) and (a)(2) provided for the imposition of mandatory sentences for repeat violent offenders. *See* 42 Pa.C.S.A § 9714(a)(1), (2). Under Section 9714(a)(1), those convicted of two crimes of violence within seven years were presumed to be high-risk dangerous offenders. The offender bore the burden of rebutting this presumption by clear and convincing evidence. Left unrebutted, Section 9714(a)(1) mandated the imposition of a minimum sentence of ten years of total confinement.

¶ 10 Those facing sentencing on a third conviction for a violent offense fell under Section 9714(a)(2). This Section mandated that anyone convicted of three crimes of violence arising from separate criminal transactions was to be sentenced to a mandatory minimum sentence of at least twenty-five years. Section 9714(a)(2) did not mention the violent offender presumption that is clearly evident in subsection (a)(1).

¶ 11 While this appeal was pending, our Supreme Court held that 42 Pa.C.S.A. § 9714(a)(1) was unconstitutional. *Commonwealth v. Butler*, 563 Pa. 324, 760 A.2d 384 (2000). Specifically, the Supreme Court concluded that "Section 9714 violated [the offender's] procedural due process rights by placing upon him the burden of rebutting the presumption that he is a high risk dangerous offender." *Id.* at 333, 760 A.2d at 389. The facts and the lan-

guage of *Butler* concentrate on the rebuttable presumption scheme of Section 9714(a)(1). The *Butler* opinion does not mention Section 9714(a)(2), or expressly consider the severability of Sections 9714(a)(1) and (a)(2).

¶ 12 Following our Supreme Court's decision in *Butler*, the Pennsylvania legislature amended Section 9714. Specifically, the legislature removed all mention of a violent offender presumption in the statute. As such, the legislature significantly revised subsection (a)(1), but left subsection (a)(2) untouched. Section 9714(a)(2) applies here and the trial court erred in refusing to sentence Edrington under that Section.

¶ 13 In the instant case, Edrington had been previously convicted of aggravated assault and burglary when he pled guilty to aggravated assault on August 9, 2000. All three of these crimes are defined as "crimes of violence" under Section 9714. *See* 42 Pa.C.S.A. § 9714(g). Therefore, the trial court erred when it failed to sentence Edrington in accordance with the mandatory sentencing provisions for third time violent offenders under Section 9714(a)(2). Accordingly, we vacate Edrington's judgment of sentence and remand this case for resentencing in accordance with this opinion.[5]

¶ 14 We now turn to Edrington's cross-appeal. At docket No. 1897 MDA 2000, Edrington raises the following issue for review:

WHETHER THE [TRIAL] COURT ABUSED ITS DISCRETION BY IMPOSING THE STATUTORY MAXIMUM SENTENCE WITHOUT CONSIDERATION OF THE PENN-

---

**5.** Section 9714(a)(2) has not been revised by the legislature since Edrington was sentenced. Therefore, we do not need to deter-

mine which version of the statute Edrington should be sentenced under on remand.

SYLVANIA COMMISSION ON SENTENCING GUIDELINES?

(Edrington's Brief at 5).

¶ 15 Edrington argues that the ten to twenty year sentence he received for the aggravated assault charge fell outside the proposed range of the sentencing guidelines. He contends that a sentencing court must consider the guideline range when imposing sentence and offer a substantially contemporaneous statement of reasons if the trial court chooses to deviate from the sentencing guidelines. Edrington asserts that the trial court sentenced him outside the guidelines on his aggravated assault charge without any explanation. Therefore, Edrington concludes that the imposition of his sentence in this case constituted an abuse of discretion. For the following reasons we dismiss this cross-appeal.

¶ 16 "The question of timeliness of an appeal is jurisdictional in nature." *Commonwealth v. Moir*, 766 A.2d 1253, 1254 (Pa.Super.2000). To preserve the right to appeal, an appellant must generally file a notice of appeal within thirty days after the order appealed from is entered. *See* Pa.R.A.P. 903(a). When a party wants to bring a cross-appeal, he has fourteen days from the date the first notice of appeal was filed, or thirty days from the entry of the order appealed from, whichever is longer, to file a notice of appeal. *See* Pa.R.A.P. 903(b). Failure to file a timely notice of appeal divests this Court of jurisdiction. *Moir, supra.*

¶ 17 Here, the trial court sentenced Edrington on August 9, 2000.[6] The Commonwealth filed its timely notice of appeal on September 1, 2000. Under Rule 903, Edrington had until September 15, 2000 to file a timely notice of his cross-appeal. Edrington did not file his notice of appeal until September 26, 2000, which is out of time. *See* Pa.R.A.P. 903(b). Therefore, Edrington's cross-appeal is out of time. *See Moir, supra.* Edrington's failure to perfect a timely appeal divests this Court of jurisdiction to grant or deny allowance of appeal as to the discretionary aspects of his sentence. Accordingly, we dismiss Edrington's cross-appeal as untimely.

¶ 18 Based upon the foregoing, we hold that the Commonwealth's issue challenging the legality of Edrington's sentence is cognizable on appeal, despite the Commonwealth's failure to file the ordered Rule 1925(b) statement. We further hold that the trial court erred when it failed to sentence Edrington under Section 9714(a)(2). Finally, we dismiss Edrington's cross-appeal, because he failed to file a timely notice of appeal. Accordingly, we vacate the judgment of sentence and remand for resentencing.

¶ 19 Judgment of sentence vacated; case remanded for resentencing. Jurisdiction is relinquished.

---

6. We note that Edrington filed a motion for reconsideration of sentence, which the trial court denied on August 25, 2000. Even if Edrington's cross-appeal were considered simply a direct appeal from the order denying his reconsideration of sentence, Edrington's notice of appeal, filed September 26, 2000, is still untimely. *See* Pa.R.A.P. 903; Pa. R.Crim.P. 720(A)(2)(a) (formerly Pa.R.Crim.P. 1410) (allowing notice of direct appeal to be filed within 30 days from the entry of the order deciding post-sentence motions). Finally, we further note that September 25, 2000, did not fall on a weekend or court holiday.