J-S79014-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RILUS BUXTON, | |
| Appellant | No. 3093 EDA 2013 |

Appeal from the Judgment of Sentence entered October 2, 2013,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s):  CP-51-CR-0010342-2011

BEFORE:  ALLEN, OLSON, and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J.:                **FILED DECEMBER 11, 2014**

Rilus Buxton ("Appellant") appeals from the judgment of sentence imposed after he violated the conditions of his probation.  Upon review, we vacate the judgment of sentence and remand for the trial court to determine Appellant's RRRI eligibility.

The trial court summarized the pertinent facts and procedural history as follows:

> Appellant initially appeared before [the trial court] on October 26, 2011, charged with Retail Theft, a felony of the third degree [at Docket No. 10342-2011].  That same day, Appellant pled guilty and was sentenced to five (5) years [of] probation with a condition to pay fines, costs, and court fees.  On June 3, 2012, Appellant was arrested in Berks County, charged with Forgery - Unauthorized Act in Writing, a felony of the second degree.  On June 14, 2012, Appellant was again arrested in Berks County and charged with Forgery – Alter Writing, a felony of the second degree.  On June 27, 2012, Appellant was arrested in Chester County and charged with two (2) counts of Forgery – Utters Forged Writing, felonies of the third degree.

* Retired Senior Judge assigned to Superior Court.

On January 22, 2012, Appellant pled guilty to Forgery – Unauthorized Act in Writing and Forgery – Alter Writing in Berks County Court of Common Pleas and ... was sentenced to eleven and one-half to twenty-three (11½ - 23) months confinement and 3 years [of] probation for each charge, to run concurrently. On January 28, 2013, Appellant appeared before the Honorable Phyllis R. Streitel in the Chester County Court of Common Pleas and pled guilty to two (2) counts of Forgery — Uttered Writing. On that day, Appellant was sentenced to eight to sixteen (8-16) months confinement and two (2) years [of] probation, to run concurrent with Appellant's Berks County sentences. These convictions placed him in direct violation of his probation [at Docket No. 10342-2011].

Trial Court Opinion, 3/4/14, at 2-3.

Following a hearing on October 2, 2013, the trial court found Appellant to be in violation of his probation, and that same day sentenced Appellant to three (3) to six (6) years of imprisonment. Appellant filed a post-sentence motion on October 4, 2013, which the trial court denied on October 8, 2014.

Appellant presents one issue for our review:

1. Did not the [trial] court err by failing to make a determination as to [A]ppellant's RRRI eligibility and failing to impose the RRRI minimum sentence in violation of 61 Pa.C.S.A. § 4505?

Appellant's Brief at 3.

Appellant argues that the trial court erred in failing to determine his eligibility under the Recidivism Risk Reduction Incentive Act ("RRRI Act"), 61 Pa.C.S.A. §§ 4501 *et seq*. Appellant's Brief at 7-10. Preliminary, we note that Appellant raises this claim for the first time on appeal. **See** Pa.R.A.P. 302(a). While ordinarily issues not raised in the trial court are waived and cannot be raised for the first time on appeal, in **Commonwealth v.**

***Robinson***, 7 A.3d 868, 871 (Pa. Super. 2010), this Court held that "where the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal" and such claim presents a non-waivable challenge to the legality of the sentence.[1] Thus, in light of ***Robinson***, we conclude that Appellant's issue is not waived despite Appellant's failure to raise it before the trial court, preserve it in his post-sentence motion, or include it in his Pa.R.A.P. 1925(b) statement of errors complained of on appeal. ***See Commonwealth v. Edrington***, 780 A.2d 721, 723 (Pa. Super. 2001) ("The legality of a sentence is an issue that cannot be waived.").

With regard to sentences imposed after a defendant violates his probation, we have explained that "'upon revocation of probation, the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing.' 42 Pa.C.S. § 9771. ... [W]here probation is violated, the trial court is free to impose any sentence permitted under the Sentencing Code." ***Commonwealth v. Partee***, 86 A.3d 245, 249 (Pa. Super. 2014) (citations omitted). "[W]here the trial court violates the

_____

[1] ***But see Commonwealth v. Tobin***, 89 A.3d 663, 669-670 (Pa. Super. 2014) (questioning the propriety of construing all RRRI eligibility questions as non-waivable illegal sentencing matters and not a waivable legal question where the appellant never preserved the issue, and suggesting that our Supreme Court's decision in ***Commonwealth v. Hansley***, 47 A.3d 1180 (Pa. 2012) "calls into question the viability of a blanket holding that all matters involving RRRI relate to the legality of a sentence").

Sentencing Code by failing to impose both a minimum and maximum sentence pursuant to 42 Pa.C.S.A. § 9756(b), the sentence is illegal and must be vacated." ***Robinson***, 7 A.3d at 870.

The RRRI Act, which "seeks to create a program that ensures appropriate punishment for persons who commit crimes, encourages inmate participation in evidence-based programs that reduce the risks of future crime and ensures the openness and accountability of the criminal justice process while ensuring fairness to crime victims … requires trial courts to determine at the time of sentencing whether the defendant is an 'eligible offender.'" ***Commonwealth v. Chester***, --- A.3d ---, 2014 WL 4745697 at 1 (Pa. 2014) (citing 61 Pa.C.S.A. § 4202, 4505(a)). If the trial court finds the defendant to be an eligible offender, or if the prosecuting attorney waives the eligibility requirements under Section 4505(b), the trial court must calculate minimum and maximum sentences, and then impose the RRRI minimum sentence. ***Id***. (citing Section § 4505(c)).

The Sentencing Code was amended, effective November 24, 2008, to include the following section requiring the trial court to determine RRRI eligibility:

> **(b.1) Recidivism risk reduction incentive minimum sentence.**—The court **shall** determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence under 61 Pa.C.S. Ch. 45 (relating to recidivism risk reduction incentive). If the defendant is eligible, the court **shall** impose a recidivism risk reduction incentive minimum sentence in addition to a minimum

> sentence and maximum sentence except, if the defendant was previously sentenced to two or more recidivism risk reduction incentive minimum sentences, the court shall have the discretion to impose a sentence with no recidivism risk reduction incentive minimum.

42 Pa.C.S.A. § 9756(b.1) (emphasis added).

Pursuant to **Robinson**, "where the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required" in accordance with §9756(b.1.), "the sentence is illegal." **Robinson**, 7 A.3d at 871. Thus, "[w]hen a court imposes a sentence of imprisonment in a state correctional facility, the court must also determine if the defendant is eligible for an RRRI Act minimum sentence[.]" **Hansley**, 47 A.3d 1180, 1187. Although this Court has not specifically addressed the question of whether probation violators are eligible for an RRRI sentence, both **Robinson** and **Hansley** indicate that in all cases where a sentence of imprisonment is imposed, the trial court must determine the defendant's RRRI eligibility.[2]

Moreover, the RRRI Act, which bars from eligibility "those with a history of violent crime, convicted of certain sex offenses, or subject to a deadly weapon enhancement" does not exclude probation violators from eligibility. **Hansley**, 47 A.3d at 1186 (The RRRI Act eligibility provision

_____

[2] Pursuant to 61 Pa.C.S. § 4505(c)(3), a court may decline to impose an RRRI Act minimum sentence if the offender has already been afforded two or more RRRI Act minimum sentences, thus restricting defendants, including repeat probation violators, from receiving unlimited RRRI sentences.

- 5 -

"which operates to exclude many crimes, and many circumstances, from the Act's scope ... is detailed, intricate, and plain [and] the intricate construct reveals that the General Assembly made very specific judgments about which offenders and offenses were eligible."); 61 Pa.C.S. § 4503.

Because neither the Sentencing Code nor the RRRI Act contains any language specifically excluding probation violators from consideration for an RRRI sentence, after careful review, we conclude that the trial court was statutorily required to make a determination as to Appellant's RRRI eligibility when it sentenced him to three (3) to six (6) years imprisonment for violating his probation. The trial court's failure to determine Appellant's RRRI eligibility rendered Appellant's sentence illegal.[3] We therefore vacate the judgment of sentence and remand for the trial court to determine Appellant's RRRI eligibility. **See Robinson**, **supra** at 870-71.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

---

[3] The Commonwealth concedes that the trial court was required to make a determination as to Appellant's eligibility for an RRRI minimum sentence. Commonwealth Brief at 5-7.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/11/2014