J-S13005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LARRY EDWARD SHOWALTER, 2ND | |
| Appellant | No. 2089 WDA 2014 |

Appeal from the Judgment of Sentence September 24, 2014
In the Court of Common Pleas of Bedford County
Criminal Division at No(s): CP-05-CR-0000132-2013

BEFORE:  LAZARUS, J., STABILE, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 1, 2016**

Larry E. Showalter, 2nd, appeals from the judgment of sentence entered in the Court of Common Pleas of Bedford County following a jury trial in which he was convicted of two counts of rape of a child,[1] two counts of involuntary deviate sexual intercourse (IDSI),[2] two counts of aggravated indecent assault,[3] two counts of incest,[4] endangering the welfare of

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3121(c).

[2] 18 Pa.C.S. § 3123(b).

[3] 18 Pa.C.S. § 3125(a)(7).

[4] 18 Pa.C.S. § 4302.

children,[5] corruption of minors,[6] and three counts of indecent exposure.[7] After careful review, we affirm the convictions, vacate the judgment of sentence, and remand for resentencing.

Showalter's convictions stem from allegations made by his biological daughter that Showalter raped her on multiple occasions when she was between the ages of 8 and 11.

The victim first reported the incidents approximately five years after the last such incident had occurred, during the fall of 2012, when the victim disclosed the incidents to her school guidance counselor, Stephen Brian Waltman. The victim came to Waltman's office, immediately after she was involved in an altercation with another student, to request that Waltman adjust her class schedule so that she could avoid future contact with that student. At trial on June 19, 2014, Waltman testified that when the victim entered his office, she appeared to be "extremely upset" over the argument with the other student. N.T. Trial, 6/19/14, at 130. The victim told Waltman that the other student did not understand what she had been through and then "began listing all of [the] things that hadn't gone right in her life." *Id.* at 134. Waltman testified that, at this time, the victim "more

_____

[5] 18 Pa.C.S. § 4304(a)(1).

[6] 18 Pa.C.S. § 6301(a)(1)(i).

[7] 18 Pa.C.S. § 3127(a).

or less blurt[ed] out that her father raped her." *Id.* at 135. When Waltman asked what she meant, she told him that she was "repeatedly raped" by her father when she was "eight, nine, ten-years-old." *Id.* Waltman testified that he then spent the next thirty or forty minutes "just trying to calm [the victim] down." *Id.*

Defense counsel objected to Waltman's testimony regarding the victim's statements on several grounds. Defense counsel argued that Waltman's testimony about the victim's statements was inadmissible hearsay and that the testimony was cumulative because the victim had already testified about the substance of her conversation in Waltman's office. The trial court overruled defense counsel's objection and admitted the testimony, ruling that it fell within the excited utterance exception to the hearsay rule. *Id.* at 133.

At the conclusion of the one-day trial, the jury convicted Showalter on thirteen of twenty-seven counts charged against him. Prior to sentencing, the Commonwealth filed notice of intent to seek mandatory minimum sentences for Showalter's rape of a child, IDSI, and aggravated indecent assault convictions, pursuant to 42 Pa.C.S. § 9718 (stating persons convicted of rape of a child or IDSI involving a child shall be sentenced to at least ten years' imprisonment and that persons convicted of aggravated indecent assault of a child shall be sentenced to at least five years' imprisonment). *See* Notice of Intention to Seek Mandatory Sentence Pursuant to 42 Pa.C.S. § 9718, 7/25/14, at 1-2.

- 3 -

On September 24, 2014, after a hearing, the trial court found that Showalter fit the classification of a sexually violent predator and sentenced him to ten to twenty years' imprisonment for each of two counts of rape of a child and two counts of IDSI, and five to ten years' imprisonment for each of two aggravated indecent assault counts. Showalter received the mandatory minimum sentence pursuant to 42 Pa.C.S. § 9718 for each of these counts. For two incest counts, Showalter received a sentence of five to ten years' imprisonment. This sentence is beyond the aggravated guidelines range for incest. The trial court ordered that all eight of the above sentences were to run consecutively, resulting in an aggregate sentence of sixty to one-hundred-and-twenty years. Showalter filed a timely post-sentence motion, which the court denied on October 10, 2014. This timely appeal followed.

Showalter raises the following issues for our review:

I. Whether the trial court erred in allowing witness Stephen Brian Waltman to testify to hearsay statements made by the alleged victim, ruling that said statements fell within the excited utterance exception to the hearsay rule?

II. Whether the trial court committed an abuse of discretion in sentencing [Showalter] consecutively on several counts and whether the sentence imposed was excessive?

Brief for Appellant, at 3.

First, we address whether the trial court erred in allowing Waltman's testimony regarding the victim's statements in his office. The Commonwealth argues that the statements in question were properly admitted at trial under the excited utterance exception to the hearsay rule.

- 4 -

Pennsylvania Rule of Evidence 803(2) provides an exception to the hearsay rule for any "statement relating to a startling event or condition, made while the declarant is under the stress of excitement that it caused." Pa.R.E. 803(2). Our Supreme Court has further defined an excited utterance as:

> [A] spontaneous declaration by a person whose mind has been suddenly made subject to an overpowering emotion caused by some unexpected and shocking occurrence, which that person had just participated in or closely witnessed, and made in reference to some phase of that occurrence which he perceived, and this declaration must be made so near the occurrence both in time and place as to exclude the likelihood of its having emanated in whole or in part from his reflective faculties.

*Commonwealth v. Wholaver*, 989 A.2d 883, 906 (Pa. 2010) (citations omitted). While the courts of this Commonwealth have not set a time limit within which the statement must be made after the precipitating event, the Supreme Court has explained that "[t]he crucial question . . . is whether, at the time the statement is made, the nervous excitement continues to dominate while the reflective processes remain in abeyance." *Id.* at 907 (citations omitted). Accordingly, "the determination is factually driven, made on a case-by-case basis." *Id.*

Showalter argues that the excited utterance exception does not apply because the victim's statements to Waltman were too far removed in time and space from the occurrence that caused the victim's excited state. Brief for Appellant, at 11. Showalter acknowledges that the victim may have been upset when she made the statements to Waltman, but contends that she was upset from being harassed by another student, not from being

- 5 -

sexually abused by her father. Furthermore, Showalter argues that the excited utterance exception does not apply because the sexual abuse and the victim's statements about the abuse occurred at different locations; all of the alleged incidents of abuse occurred at the Showalter residence, while the victim made the contested statements to Waltman in the school guidance counselor's office.

Here, the startling event for the victim was a verbal altercation with another student, in which the other student called the victim "cellulite infested" and "nothing but trailer trash." N.T. Trial, 6/19/14, at 72. The victim made the statement about her father raping her without any prompting by Waltman and while still extremely upset over the fight.

The trial court found that the statement was admissible under the excited utterance exception and offered the following analysis:

> [A]lthough [the victim] was not under the stress of having been just recently sexually abused, her statement nonetheless was "made in reference to some phase of that occurrence." That is, her primary reason for being so upset from the bullying was that the other student had no appreciation for the past sexual abuse she suffered from [Showalter]. Additionally, while the lapse in time between the actual sexual assault and the statement was great, the statement was elicited shortly after the victim experienced the emotional response to the bullying. In sum, we found the statement admissible since there was a sufficient nexus between the statement and the emotional reaction, and the statement was made while still under the stress of the related emotional event.

Trial Court Opinion, 5/29/15, at 5 (quoting **Commonwealth v. Chamberlain**, 731 A.2d 593, 596 (Pa. 1999)).

We disagree with the trial court's analysis and find that the victim's statements to Waltman are inadmissible hearsay and do not fall under the excited utterance exception. First, the statements are simply too far removed from the sexually abusive acts to which they refer. The evidence shows that Showalter's abuse of the victim ceased completely more than five years before the victim's statements in Waltman's office. Although the victim may have been upset over her fight with another student, the special conditions to which the excited utterance exception is meant to apply simply were not present. At the time that she made the statements to Waltman about her father's past sexual abuse, the victim had had over five years to reflect on the events to which the statements pertained. In light of this large gap in time, the fact that the victim was upset does very little "to exclude the likelihood of [the statements] having emanated in whole or in part from [her] reflective faculties." *Wholaver*, *supra*. Indeed, the fact that the victim was able to recognize her childhood abuse as "rape" evidences that she had had at least some opportunity to reflect upon the events. Furthermore, the victim has not alleged that her classmate said anything that could be construed as "shocking," so as to make her "subject to an overpowering emotion." *Wholaver*, *supra*. The record does not establish that the victim was so upset by the bullying of her classmate that her faculty for reflection was overpowered. Accordingly, we hold that the trial court abused its discretion in admitting Waltman's testimony regarding

the content of the victim's statements in his office under the excited utterance exception to the hearsay rule.

Having concluded that the trial court erred in admitting Waltman's testimony, we must determine whether the admission of that evidence amounted to harmless error. "Not all errors at trial . . . entitle an appellant to a new trial, and [t]he harmless error doctrine, as adopted in Pennsylvania, reflects the reality that the accused is entitled to a fair trial, not a perfect trial." **Commonwealth v. West**, 834 A.2d 625, 634 (Pa. Super. 2003). The Commonwealth bears the burden of establishing the harmlessness of the error. **Commonwealth v. Passmore**, 857 A.2d 697, 711 (Pa. Super. 2004). In order to establish that an error was harmless, the Commonwealth must show that:

> (1) the error did not prejudice the defendant or the prejudice was *de minimis*; or (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error so insignificant by comparison that the error could not have contributed to the verdict.

**Id.**

We find that the trial court's admission of Waltman's testimony was harmless error. The victim's statements to Waltman had already been properly admitted through the victim's own testimony on the stand. The victim's testimony about her statements to Waltman was substantially similar to Waltman's barred hearsay testimony. Furthermore, defense

counsel did not object to the victim's testimony at trial. Therefore, Waltman's erroneously-admitted testimony was merely cumulative of the victim's own testimony, which had already been admitted. Given the cumulative nature of the erroneously-admitted testimony, we find that any prejudice to Showalter was *de minimis*. **Passmore**, **supra**.

Having determined that Showalter's convictions are valid, we address whether the sentencing court abused its discretion in sentencing him to sixty to one-hundred-and-twenty years' incarceration. Showalter contends that the trial court abused its discretion by imposing consecutive sentences and by imposing a sentence above the aggravated guidelines range on each of two incest counts. While Showalter does not raise the issue, we note that he was sentenced pursuant to the mandatory minimum scheme as set forth in 42 Pa.C.S. § 9718, which has been held to be unconstitutional. **See Commonwealth v. Wolfe**, 106 A.3d 800, 805 (Pa. Super. 2014). Consequently, we elect *sua sponte* to review the legality of Showalter's sentences for rape of a child, IDSI, and aggravated indecent assault. **See Commonwealth v. Edrington**, 780 A.2d 721 (Pa. Super. 2001) (assuming proper jurisdiction, application of mandatory minimum sentence involves legality of sentence, which this Court can raise *sua sponte*).

Prior to our decision in **Wolfe**, section 9718(a)(3) set forth mandatory minimum sentences of ten years' imprisonment where a defendant is convicted of rape of a child or IDSI involving a child and five years' imprisonment where a defendant is convicted of aggravated indecent assault

of a child. 42 Pa.C.S. § 9718(a)(3). In **Wolfe**, a jury convicted the defendant of sex crimes committed against a minor victim, including two counts of IDSI.[8] The court imposed ten-year mandatory minimum sentences for each IDSI conviction, pursuant to section 9718(a)(1). On appeal, this Court emphasized that section 9718 "contains the same format" as other statutes recently held to be facially unconstitutional by this Court in light the United States Supreme Court's decision in **Alleyne v. United States**, 133 S.Ct. 2151 (2013).[9] **Id.** at 805. Consequently, this Court held section 9718 is also facially unconstitutional. Moreover, this Court noted:

---

[8] The relevant portion of the IDSI statute provides:

> A person commits a felony of the first degree when the person engages in deviate sexual intercourse with a complainant . . . who is less than 16 years of age and the person is four or more years older than the complainant and the complainant and person are not married to each other.

18 Pa.C.S. § 3123(a)(7).

[9] In **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (en banc), this Court held that section 9712.1 can no longer pass constitutional muster as it "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence." **Newman**, **supra** at 98. Thus, this Court vacated Newman's PWID sentence and remanded for resentencing without imposition of the mandatory minimum under section 9712.1. **See also Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014) (involving appeal of sentence arising from jury trial; extending logic of **Alleyne** and **Newman** to 42 Pa.C.S. §§ 9712, 9713 and holding those sections are likewise unconstitutional insofar as they permit automatic increase of defendant's sentence based on preponderance of evidence standard).

We recognize that this specific case is unique insofar that the additional fact triggering the mandatory sentence is also contained as an element within the subsection of the IDSI statute under which [the defendant] was convicted. Therefore, in order to convict [the defendant] of IDSI, the Commonwealth was already required to prove beyond a reasonable doubt that the victim was less than 16 years old.

However, we are not concerned with [the defendant's] conviction in this appeal, only the imposition of the mandatory minimum sentence.

* * *

[I]n this case, although the jury was required to find that the victim was less than 16 years of age in order to convict [the defendant], we cannot ignore the binding precedent from an en banc decision of this Court. *Newman* stands for the proposition that mandatory minimum sentence statutes in Pennsylvania of this format are void in their entirety. As section 9718 is indistinguishable from the statutes struck down in *Newman* and *Valentine*, we are constrained to conclude that section 9718 is also facially void. As a result, we conclude the trial court erred in imposing the ten-year mandatory minimum.

*Id.* at 5-6 (internal citations omitted).

Instantly, the court conducted a jury trial and convicted Showalter of multiple sex offenses. At the sentencing hearing, the court applied Section 9718 to Showalter's rape of a child, IDSI, and aggravated indecent assault convictions. Given this Court's decisions in *Newman*, *Valentine*, and *Wolfe*, however, we must vacate and remand for resentencing. Accordingly, we affirm Showalter's convictions, but we vacate the judgment of sentence and remand for resentencing in accordance with this memorandum.

- 11 -

Judgment of sentence vacated; case remanded for resentencing.

Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/01/16