J-A20043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER WEIR | : | |
| | : | |
| Appellant | : | No. 939 WDA 2020 |

Appeal from the Judgment of Sentence Entered May 8, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015214-2017

BEFORE: PANELLA, P.J., BENDER, P.J.E., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED: DECEMBER 7, 2021**

Christopher Weir (Appellant) appeals from the judgment of sentence imposed in the Allegheny Court of Common Pleas, following his guilty plea to one count each of persons not to possess a firearm, simple assault, resisting arrest, possession of a controlled substance, possession with intent to deliver (PWID), and possession of drug paraphernalia.[1]  On appeal, he challenges the legality of his sentence, arguing the trial court failed to address his eligibility under the Recidivism Risk Reduction Incentive (RRRI) Act.[2]  For the reasons below, we vacate Appellant's sentence and remand to the trial court for resentencing.

---

[1] 18 Pa.C.S. §§ 6105(a)(1), 2701(a)(1), 5104; 35 P.S. §§ 780-113(a)(16), (a)(30), (a)(32).

[2] 61 Pa.C.S. §§ 4501-4512.

We glean the following facts from the affidavit of probable cause.[3]  On August 16, 2017, Clairton Police officers, accompanied by agents of the Attorney General's office, executed a search warrant for Appellant's address in Clairton, Pennsylvania.  Affidavit of Probable Cause, 8/16/17, at 2.  Upon arrival, two officers identified themselves as police to Appellant and "he began to fight" them.  *Id.*  The officers took Appellant into custody and subsequently executed their search.  *Id.*  Officers recovered the following from their search: (1) a firearm; (2) $225.00 in United States currency; (3) an electronic scale; (4) multiple "diaper bags;"[4] (5) 14 individually packaged bags of cocaine amounting to 6.9 grams; (6) and proof of Appellant's residence.  *Id.*  Due to prior convictions, Appellant is a person not permitted to possess a firearm.  ***See id.***

Appellant was charged with aggravated assault,[5] persons not to possess firearms, resisting arrest, PWID, possession of a controlled substance, and possession of drug paraphernalia.  At the guilty plea hearing on February 19, 2019, the trial court permitted the Commonwealth to amend the aggravated assault charge to simple assault.  N.T., 2/19/19, at 5-8.  Appellant then entered a guilty plea to all charges. *Id.* at 13.  On May 8, 2019, the trial court

---

[3] At the guilty plea hearing, the parties relied upon the facts as outlined in the probable cause affidavit.  ***See*** N.T., 2/19/19, at 12-13.

[4] A "diaper bag" is a term used for cocaine packaging.  Affidavit of Probable Cause at 2.

[5] 18 Pa.C.S. § 2702(a)(3).

sentenced Appellant to 3 to 6 years' incarceration for persons not to possess a firearm and a consecutive term of 6 to 12 months' incarceration for PWID. The trial court ordered no further penalty on Appellant's remaining charges.

On May 20, 2019, Appellant filed a timely[6] post-sentence motion to modify his sentence. On September 9, 2020, Appellant's motion was denied by operation of law.[7] This timely appeal follows. Appellant complied with the trial court's order to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises one issue on appeal:

1. Whether [Appellant's] sentence is illegal where the trial court failed to determine, on the record at the time of sentencing,

---

[6] Appellant had 10 days from sentencing, or until May 18, 2019, to file post-sentence motions. Because May 18th, fell on a Saturday, Appellant had until the following Monday, May 20th to file a timely post-sentence motion. **See** 1 Pa.C.S. § 1908.

[7] The trial court denied Appellant's motion on May 21, 2019, but, that order was not entered on the docket until September 24, 2019, more than 120 days after Appellant filed his motion. **See** Pa.R.Crim.P. 720(B)(3)(a) (trial court shall decide post-sentence motion within 120 days of filing of the motion; if it fails to do so, motion shall be deemed denied by operation of law). As noted above, it was not until almost a year later that the clerk of courts entered an order denying Appellant's post-sentence motion by operation of law. **See** Order, 9/9/20. Thus, Appellant's 30-day appeal period began to run on that day. **See Commonwealth v. Jerman**, 762 A.2d 366, 368 (Pa. Super. 2000) (stating when the docket fails to reflect that the clerk furnished a copy of an order to the parties, we "assume [that] the period for taking an appeal was never triggered."); **see also Frazier v. City of Philadelphia**, 735 A.2d 113, 115 (Pa. 1999) (although parties received a copy of the order, "the appeal period was not triggered" due to the clerks failure to make a "formal entry" on the docket). We note the Commonwealth agrees Appellant's appeal was timely filed.

- 3 -

> whether [Appellant] is an eligible offender under the [RRRI]
> Act, thereby violating 61 Pa.C.S.[ ] § 4505(a)?

Appellant's Brief at 5 (footnote omitted).

Appellant argues, for the first time on appeal, that his sentence is illegal because the trial court failed to determine his RRRI eligibility. Appellant's Brief at 17. Appellant contends "the RRRI Act requires that [his] eligibility for participation in the program be made on the record at the sentencing hearing[.]" *Id.* at 21. Appellant avers that since the trial court failed to "make a statutorily required determination[, his] sentence is illegal." *Id.* at 22, *citing* ***Commonwealth v. Robinson***, 7 A.3d 868, 871 (Pa. Super. 2010). The Commonwealth agrees, and asserts that Appellant's case should be remanded for resentencing.[8] Commonwealth's Brief at 6.

As noted above, Appellant raises this claim for the first time on appeal. Although issues not raised in the trial court are generally waived for our review, this Court has held that "where the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal." ***Robinson***, 7 A.3d at 871. The legality of a sentence is an issue that cannot be waived. ***Commonwealth v. Edrington***, 780 A.2d 721, 723 (Pa. Super. 2001) (illegal sentencing claim cannot be waived and may be reviewed *sua sponte*). Thus,

---

[8] Because Appellant raises this issue for the first time on appeal, the trial court did not address the claim in its opinion.

we conclude that Appellant's issue is not waived despite his failure to raise this claim in the trial court.

The RRRI Act "seeks to create a program that ensures appropriate punishment for persons who commit crimes, encourages inmate participation in evidence-based programs that reduce the risks of future crime and ensures the openness and accountability of the criminal justice process while ensuring fairness to crime victims." 61 Pa.C.S. § 4502. Furthermore, the Act explicitly states: "At the time of sentencing, the court **shall** make a determination whether the defendant is an eligible offender." 61 Pa.C.S. § 4505(a) (emphasis added). In the event the trial court finds the defendant is an eligible offender, or if the Commonwealth waives the eligibility requirements, the trial court must then calculate the minimum and maximum sentences, and impose the RRRI minimum sentence. 61 Pa.C.S. § 4505(c). *See* 61 Pa.C.S. § 4505(c)(2) (when minimum sentence is three years or less, RRRI minimum is three-fourths of minimum sentence imposed by trial court; when minimum sentence is more than three years, RRRI sentence is five-sixths of minimum sentence). Our Sentencing Code also requires the trial court to determine a defendant's RRRI eligibility at sentencing:

> **(b.1)** *Recidivism risk reduction incentive minimum sentence.* **—** The court shall determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence under 61 Pa.C.S. Ch. 45 (relating to recidivism risk reduction incentive). If the defendant is eligible, the court shall impose a recidivism risk reduction incentive minimum sentence in addition to a minimum sentence and maximum sentence except, if the defendant was previously sentenced to two or more recidivism risk reduction incentive minimum sentences, the court shall have the discretion

- 5 -

to impose a sentence with no recidivism risk reduction incentive minimum.

42 Pa.C.S. § 9756(b.1).

Here, the trial court failed to determine Appellant's RRRI eligibility at his sentencing hearing. Pursuant to **Robinson**, "where the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required" in Section § 9756(b.1.), "the sentence is illegal." **Robinson**, 7 A.3d at 871. Although the trial court may ultimately determine Appellant is not an "eligible offender," it is required to make that determination at the time it imposes sentence. **See** 61 Pa.C.S. § 4505(a).[9]

Thus, we conclude that the trial court was statutorily required to determine Appellant's RRRI eligibility at sentencing, and its failure to do so renders Appellant's sentence illegal. **See Robinson**, 7 A.3d at 870-71. We therefore vacate the judgment of sentence and remand for the trial court to determine Appellant's RRRI eligibility.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

---

[9] We note that Section 4505(b) authorizes the Commonwealth to waive the RRRI eligibility requirements under certain circumstances. 61 Pa.C.S. § 4505(b). The Commonwealth does not indicate in its brief whether Appellant is an "eligible offender," or whether it would be willing to waive the eligibility requirements.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  12/7/2021