J-S24013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                       :              PENNSYLVANIA

                 v.               :

MICHAEL GREGO             :

         Appellant       :     No. 277 EDA 2022

Appeal from the PCRA Order Entered December 10, 2021
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000322-2007

BEFORE:   PANELLA, P.J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:       **FILED SEPTEMBER 23, 2022**

Michael Grego appeals from the order entered in the Monroe County Court of Common Pleas on December 10, 2021, dismissing his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546 as untimely. After careful review, we are constrained to quash this appeal as untimely.

Due to our disposition, the factual and procedural background of this case, which is fairly complicated, is unnecessary to recite in detail. Briefly, in November 2008, a jury convicted Grego of indecent assault of a person less than 13 years of age, criminal attempt (rape of a child), two counts of corruption of minors, two counts of indecent exposure, three counts of open

_____

[*] Retired Senior Judge assigned to the Superior Court.

lewdness, three counts of unlawful contact with a minor, and two counts of dissemination of explicit sexual materials to minors. These convictions arose from incidents occurring between June 2006 and December 2006, involving three minors who were 8, 10, and 11 at the time. The trial court sentenced Grego to an aggregate term of one hundred and thirty-five to two hundred and eighty-eight months' incarceration. Grego filed a timely post-sentence motion for judgment of acquittal and alternatively a motion for a new trial. After a hearing, the trial court denied the motion. Grego then filed a timely direct appeal, and this Court affirmed the judgment of sentence on March 17, 2011. **See Commonwealth v. Grego**, 3742 EDA 2009 (Pa. Super. filed March 17, 2011) (unpublished memorandum).

In 2011 and 2017, Grego filed two unsuccessful PCRA petitions. We affirmed the denial of both on appeal. **See Commonwealth v. Grego**, 843 EDA 2012 (Pa. Super. Filed November 1, 2012) (unpublished memorandum); **Commonwealth v. Grego**, 2269 EDA 2018 (Pa. Super. filed February 12, 2019) (unpublished judgment order).

On October 4, 2021, Grego filed the instant third *pro se* PCRA petition, along with two supplemental PCRA petitions. The next day, Grego additionally filed an amended PCRA petition. On November 10, 2021, the PCRA court, treating the multiple filings together as Grego's third PCRA petition, issued notice of its intent to dismiss the petition without a hearing pursuant to

Pa.R.Crim.P. 907. After receiving Grego's response, the PCRA court denied the petition on December 10, 2021.

On January 21, 2022, Grego filed a *pro se* notice of appeal from the November 10, 2021 order. On February 18, 2022, this Court issued an order to show cause why the appeal should not be quashed as untimely. In his response, Grego acknowledged that he sent the notice of appeal on January 14, 2022, and averred that he did not receive a copy of the December 10, 2021 order until February 1, 2022. In consideration of Grego's response, the issue was deferred to this panel.

Accordingly, as a prefatory matter, we must address our jurisdiction to entertain this appeal because an untimely appeal divests this Court of jurisdiction to entertain the appeal. *See Commonwealth v. Edrington*, 780 A.2d 721, 725 (Pa. Super. 2001). We may address questions of our jurisdiction *sua sponte*. *See id.*

Generally speaking, Pennsylvania Rule of Appellate Procedure 341(a) directs that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). "An order … denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." Pa.R.Crim.P. 910. "[T]he notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). As such, "[t]ime limitations on the taking of appeals are strictly construed and

cannot be extended as a matter of grace." *Commonwealth v. Perez*, 799 A.2d 848, 851 (Pa. Super. 2002) (citation omitted); *see also* Pa.R.A.P. 105(b) ("An appellate court … may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, a petition for review, or a petition for specialized review.").

"In a criminal case, the date of entry of an order [that triggers the appeal period] is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time and manner of notice on the docket." *Commonwealth v. Jerman*, 762 A.2d 366, 368 (Pa. Super. 2000).

We begin by noting there is some ambiguity in the record as to what date the order was actually mailed to Grego. The clerk entered the order on the docket on Friday, December 10, 2021, and indicated it was served on Grego via certified first class mail on the same date. However, the attached certified mail return receipt indicates the order was placed in the mail on Monday, December 13, 2021. For his part, Grego avers he did not receive the order until February 1, 2022.

As noted previously, the appeal period begins on the date the clerk of courts furnished a copy of the order to Grego. Given the ambiguity in the record, we give Grego the benefit of the doubt and construe the appeal period to begin on December 13, 2021. Accordingly, Grego had until January 12,

2022 to file his notice of appeal. A review of the record reveals Grego's notice of appeal was not docketed until January 21, 2022.

Nevertheless, pursuant to the "prisoner mailbox rule," a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing. ***See*** Pa.R.A.P. 121(a); ***see Commonwealth v. Wilson***, 911 A.2d 942, 944 n.2 (Pa. Super. 2006). However, to avail oneself of the mailbox rule, a prisoner must supply sufficient proof of the date of the mailing. ***See Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997) (accepting any reasonable verifiable evidence of the date a prisoner places his filing in the control of prison authorities); ***Commonwealth v. Perez***, 799 A.2d 848, 851 (Pa. Super. 2002).

Here, Grego included, in the certified record, the envelope used to send the notice of appeal to the Office of the Clerk at the Monroe County Courthouse that is postmarked on January 19, 2022. Further, Grego dated the *pro se* notice of appeal on January 14, 2022. As neither of these dates are within the 30-day appeal period, we conclude Grego has not provided sufficient proof that he filed a timely notice of appeal under the "prisoner mailbox rule".

Further, Grego has not established, on this record, that a breakdown in court operations occurred which prevented him from timely filing his notice of appeal. Grego has asserted that he did not receive notice of the order until February 1, 2022. However, Grego's assertion is contrary to his own actions.

Grego's notice of appeal was dated January 14, 2022, approximately two weeks before Grego claims he first received the order.

Grego's assertion that he did not receive notice of the order until February is belied by the record. Therefore, his appeal is untimely and we quash it.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/23/2022