J-S22025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :          PENNSYLVANIA
                                    :
          v.                         :
                                      :
                                    :
CLINTON WADE MARZEL         :
                                    :
          Appellant             :    No. 1083 WDA 2022

Appeal from the Judgment of Sentence Entered June 23, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0004761-2021

BEFORE: OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:             **FILED: July 19, 2023**

Appellant, Clinton Wade Marzel, appeals from his judgment of sentence of eighteen to thirty-six months' imprisonment for terroristic threats[1] followed by two years' probation. Appellant argues, and the Commonwealth agrees, that the trial court erred by failing to address Appellant's eligibility under the Recidivism Risk Reduction Incentive ("RRRI") Act, 61 Pa.C.S.A. §§ 4501-4512. The Commonwealth contends, however, that this error does not require us to vacate Appellant's sentence. We disagree, and we vacate Appellant's judgment of sentence and remand to the trial court for resentencing.

The trial court summarized the evidence as follows:

On May 3, 2021, police officers responded to a residence at 1617 Manor Avenue in McKeesport. [Appellant], who resided next door, made a verbal threat to Holly Potter, who resided at 1617 Manor Avenue with her three children. Ms. Potter had called police approximately 15 times over the past year and a half because of

---

[1] 18 Pa.C.S.A. § 2706.

[Appellant]'s repeated threats of violence and other conduct toward her family. Ms. Potter informed police that [Appellant] had been driving back and forth in front of her vehicle screaming and yelling that he was going to hit her vehicle. Ms. Potter had a Ring Doorbell video surveillance system that confirmed [Appellant]'s conduct. On the day the police responded to Ms. Potter's residence, [Appellant] yelled "if she gets me sent to jail, I will kill her". He had made other threats of violence to her family as well. For instance, he posted a sign in his window that he was going to kill Ms. Potter "and her bastard children." He further told her he was "the modern Manson" and that her family would repent.

Trial Court Opinion, 12/2/22, at 2.

On June 23, 2022, the court imposed sentence without determining whether Appellant was RRRI-eligible. Appellant did not object to the court's omission. Appellant filed timely post-sentence motions, which the court denied, and a timely appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant's Rule 1925 statement of matters complained of on appeal did not object to the court's failure to determine whether he was RRRI-eligible.

Appellant raises two issues in this appeal:

1. Whether the sum and substance of [Appellant]'s sentence is illegal where the Trial Court failed to determine, on the record at the time of sentencing, whether [Appellant] was eligible for a RRRI sentence, in violation of 61 Pa. C.S.A. § 4505(a)?

2. Whether the Trial Court failed to apply all relevant sentencing criteria, including the protection of the public, the gravity of the offense, and [Appellant]'s character and rehabilitative needs, as required by 42 Pa. C.S.A. § 9721(b), thus making his sentence excessive and unreasonable?

Appellant's Brief at 5.

Appellant's first argument is a claim that the trial court failed to determine his eligibility for RRRI at sentencing. Although Appellant failed to raise this claim at sentencing or in his Rule 1925 statement, we have held that "where the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal." **Commonwealth v. Robinson**, 7 A.3d 868, 871 (Pa. Super. 2010). The legality of a sentence is an issue that cannot be waived. **Commonwealth v. Edrington**, 780 A.2d 721, 723 (Pa. Super. 2001) (illegal sentencing claim cannot be waived and may be reviewed *sua sponte*). To its credit, the Commonwealth concedes that Appellant's argument implicates the legality of his sentence and therefore has not been waived. Accordingly, we conclude that Appellant's argument is not waived despite his failure to raise this claim until this appeal.

The RRRI Act "seeks to create a program that ensures appropriate punishment for persons who commit crimes, encourages inmate participation in evidence-based programs that reduce the risks of future crime and ensures the openness and accountability of the criminal justice process while ensuring fairness to crime victims." 61 Pa.C.S.A. § 4502. The Act explicitly states, "At the time of sentencing, the court **shall** make a determination whether the defendant is an eligible offender." 61 Pa.C.S.A. § 4505(a) (emphasis added). In the event the trial court finds the defendant is an eligible offender, or if the Commonwealth waives the eligibility requirements, the trial court must then

calculate the minimum and maximum sentences, and impose the RRRI minimum sentence. 61 Pa.C.S.A. § 4505(c)(2) (when minimum sentence is three years or less, RRRI minimum is three-fourths of minimum sentence imposed by trial court; when minimum sentence is more than three years, RRRI sentence is five-sixths of minimum sentence). The Sentencing Code also requires the trial court to determine a defendant's RRRI eligibility at sentencing, stating in relevant part:

> **(b.1)** *Recidivism risk reduction incentive minimum sentence.* — The court shall determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence under 61 Pa.C.S. Ch. 45 (relating to recidivism risk reduction incentive). If the defendant is eligible, the court shall impose a recidivism risk reduction incentive minimum sentence in addition to a minimum sentence and maximum sentence except, if the defendant was previously sentenced to two or more recidivism risk reduction incentive minimum sentences, the court shall have the discretion to impose a sentence with no recidivism risk reduction incentive minimum.

42 Pa.C.S.A. § 9756(b.1).

Here, the trial court failed to determine Appellant's RRRI eligibility at his sentencing hearing. Pursuant to **Robinson**, "where the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required" in Section § 9756(b.1.), "the sentence is illegal." **Robinson**, 7 A.3d at 871. Although the trial court may ultimately determine Appellant is not an "eligible offender," it is required to make that determination at the time it imposes sentence. **See** 61 Pa.C.S. § 4505(a). Thus, we conclude that the trial court was statutorily required to

determine Appellant's RRRI eligibility at sentencing, and its failure to do so renders Appellant's sentence illegal. ***Robinson***, 7 A.3d at 870-71.

Appellant requests that we vacate his judgment of sentence and remand for a new sentencing hearing. The Commonwealth counters that the proper remedy is not *vacatur* of the entire judgment of sentence but only a remand for determination of whether Appellant is RRRI eligible:

> If the lower court determines that appellant is eligible for a RRRI sentence, then it must, of course, modify his sentence. If it determines that he is not eligible, however, then there would be no other basis for any change in Appellant's sentence, as Appellant has already been sentenced as if he were not RRRI eligible.

Commonwealth's Brief at 5-6.

In ***Robinson***, after ruling that the trial court erred by failing to determine whether the defendant was RRRI-eligible, we wrote, "Accordingly, we **vacate the judgment of sentence** and remand this matter for a determination of whether Appellant is RRRI eligible pursuant to 61 Pa.C.S.A. § 4503 . . ." ***Id.*** at 875 (emphasis added). Similarly, in a recent unpublished memorandum, ***Commonwealth v. Weir***, 270 A.3d 1126, 2021 WL 5822823 (Pa. Super., Dec. 7, 2021),[2] we held, "[T]he trial court was statutorily required to determine Appellant's RRRI eligibility at sentencing, and its failure to do so renders Appellant's sentence illegal. ***See Robinson***, 7 A.3d at 870-71. We therefore vacate the judgment of sentence and remand for the trial court to

---

[2] ***See*** Pa.R.A.P. 126(b) (non-precedential decision from Superior Court filed after May 1, 2019 may be relied upon for its persuasive value).

determine Appellant's RRRI eligibility." ***Id.*** at *3. In accordance with these precedents, we conclude that the proper remedy is *vacatur* of Appellant's entire judgment of sentence.

In view of our decision to vacate Appellant's judgment of sentence, it is unnecessary to address his second argument in this appeal, a claim that his sentence was excessive and unreasonable.

Judgment of sentence vacated; case remanded for further proceedings; jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/19/2023