J-S41025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LARRY T. ZGURO | |
| Appellant | No. 106 MDA 2017 |

Appeal from the PCRA Order December 1, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002285-2006

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 25, 2017**

Larry T. Zguro appeals from the order, entered in the Court of Common Pleas of Dauphin County, denying his petition for post conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA").[1]  Zguro's PCRA counsel was granted permission to withdraw after filing a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).  Upon review, we affirm.

Our Court has previously set forth the relevant factual and procedural background as follows:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

In 2006, Zguro entered a negotiated guilty plea to three counts of theft by unlawful taking, arising from allegations that he had posed as a home buyer to steal jewelry from homes on the market. The trial court sentenced Zguro to a term of imprisonment of 4 to 23 months, to be followed by three years of probation. Zguro was immediately paroled and transferred pursuant to a Massachusetts detainer.

After Zguro was paroled in Massachusetts, he failed to report to his Pennsylvania probation officer. On April 27, 2011, his probation officer learned that Zguro was serving a prison sentence in Nevada on charges of receiving stolen property. Zguro was eventually extradited to Pennsylvania, and on August 13, 2012, the trial court revoked his probation, closed his jail sentence and reinstated his sentence of probation. His supervision was then transferred to Nevada, where Zguro resided.

On March 27, 2013, Zguro's probation officer learned that Zguro was once again in violation of his sentence by failing to report. Shortly thereafter, his probation officer issued a detainer under the Interstate Compact. Nevada authorities arrested Zguro on April 7, 2013, and held him pursuant to the detainer. Upon talking to Zguro by telephone the next day, the officer learned that Zguro was suffering from prostate cancer. The officer attempted to lift the detainer in order to avoid the expense of extradition of a seriously ill offender, but such an action was deemed unavailable under the Interstate Compact.

The officer contacted Zguro again and informed him that the detainer was still active. Zguro promised that he would pay the balance of his restitution and costs in order to have his case closed. Later that day, Zguro left a message for his probation officer, claiming that he just missed the overnight mail, and that the money would be sent the next day. It never arrived.

Zguro again contacted his probation officer, claiming that he had been transferred to California to treat his medical condition. The probation officer requested documentation of Zguro's hospitalization, but never received any.

In February 2014, Zguro was arrested on the detainer while gambling at a casino in Nevada. Zguro claimed that he could pay off his restitution and costs from his gambling

winnings, but no payment was ever made. At the same time, Zguro accrued new charges of swindling a 75-year-old women out of nearly $20,000 in 2012. At the time of his revocation hearing, Zguro had outstanding warrants in Massachusetts and Colorado.

After reviewing Zguro's history, and receiving evidence of his medical condition, the trial court imposed a sentence of imprisonment of 18 to 36 months and a consecutive 3 year probation sentence. However, the trial court gave Zguro 29 days to pay his restitution to his Dauphin County victims, in which case he would be released from prison.

Zguro's counsel filed post-sentence motions, which the trial court denied, but no timely direct appeal was filed. On August 8, 2014, Zguro's direct appellate rights were reinstated *via* a Post Conviction Relief Act petition asserting that counsel had been ineffective *per se* for failing to file an appeal. This appeal follows.

***Commonwealth v. Zguro***, 1448 MDA 2014, at *1-3 (Pa. Super. May 27, 2015). We affirmed Zguro's judgment of sentence on direct appeal.[2] ***Id.***

Zguro filed petitions for post conviction collateral relief on May 20, 2016, and July 14, 2016. On August 3, 2016, Damian J. DeStefano was appointed as PCRA counsel. DeStefano filed a petition for leave to withdraw as counsel and filed a no-merit ***Turner***[3] letter on October 25, 2016. Zguro filed a response to DeStefano's no-merit letter on November 7, 2016. The PCRA court denied Zguro's PCRA petition without a hearing on December 1,

---

[2] Subsequently, Zguro filed several miscellaneous motions that do not affect the disposition of this appeal.

[3] ***Turner***, ***supra***; ***Finley***, ***supra***.

2016, and Zguro filed a timely notice of appeal on December 20, 2016. Zguro filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal on January 30, 2017. The trial court issued a statement in lieu of a memorandum opinion on January 31, 2017.

Zguro's brief raised twenty-three issues for our review. Among them, we found six decipherable issues to review:

1. Zguro's trial counsel, Petra Gross, was ineffective for not investigating the case in Nevada. If she had investigated, she would have found that the trial there was pending, and that Zguro was not out on bail. The mere fact that it was mentioned that Zguro had charges in Nevada prejudiced his revocation hearing.

2. Trial counsel, Petra Gross, was ineffective in not objecting to the use of the case in Colorado, which Zguro claims is not his case, but his son's.

3. PCRA counsel Damian J. DeStefano was ineffective for filing a no-merit letter despite not being able to review all documents in the record after DeStefano's motion for copies of any and all documents in record was denied.

4. Zguro's sentence was excessive, because Zguro could have been innocent on the Nevada charge, and Zguro was paying restitution until he was sent to the hospital.

5. The PCRA court abused its discretion in not holding an evidentiary hearing despite Zguro's ineffective counsel claim containing arguable merit.

6. Zguro claims that he was wrongfully convicted and is serving an illegal sentence.

Brief of Appellant, at 1-8 (rewritten for readability).

Zguro's first and second claims allege that his attorney was ineffective for not objecting to the use of the Nevada case or the Colorado case at the revocation hearing and for not investigating those cases. "It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance [was] deficient and that such deficiency prejudiced him." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012). To prevail on an ineffectiveness claim, the petitioner has the burden to prove that: "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." *Commonwealth v. Sneed*, 45 A.3d 1096, 1106 (Pa 2012). The failure to satisfy any one of the prongs will cause the entire claim to fail. *Id.*

In this case, Zguro's ineffectiveness claims lack arguable merit. Zguro's claims rely on the theory that the court must have used the Nevada and Colorado case in order to revoke his probation and sentence him to incarceration. However, evidence produced at the revocation hearing showed that Zguro violated the terms of his probation by absconding from supervision and for failing to make restitution to his victims. N.T. Revocation Hearing, 5/23/13, at 2. This evidence allowed the court to find that Zguro had violated the terms of his probation, notwithstanding the Nevada or Colorado case. *Id.* at 13. Therefore, the claims that counsel was

ineffective for failing investigate the Nevada case and object to it being mentioned at the hearing are meritless. ***Sneed***, ***supra***.

Zguro next claims that his PCRA counsel was ineffective by submitting a ***Turner/Finley*** letter without first learning the facts of his case and seeking to withdraw. Withdrawal by PCRA counsel requires proof of the following:

> 1) A "no-merit" letter by [PCRA] counsel detailing the nature and extent of his review;
>
> 2) The "no merit" letter by [PCRA] counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The [PCRA] counsel's explanation, in the "no-merit" letter, of why the petitioner's issues were meritless;
>
> 4) The [PCRA] court conducting its own independent review of the record; and
>
> 5) The [PCRA] court agreeing with counsel that the petition was meritless

***Finley***, 550 A.2d at 215.

In this case, Zguro's PCRA counsel has fulfilled the requirements for a no-merit letter. Counsel's letter explains the extent of her review, and explained why she believed Zguro's claims to be meritless. The PCRA court then examined Zguro's arguments and agreed that they were meritless. Zguro argues that the PCRA court's allowance for withdrawal was improper as counsel could not properly explain why Zguro's claims were meritless because counsel's motion for copies of any and all documents in the record was denied. Brief of Appellant, at 4. However, counsel's letter states that

she, in fact, reviewed the court records and concluded that Zguro's claims were meritless. Therefore, Zguro's argument is without merit. ***Sneed***, ***supra***.

Next, Zguro argues that his sentence was excessive. This same issue was addressed by this Court in Zguro's previous appeal. ***See Zguro***, 1448 MDA 2014. Thus, we find this claim was previously litigated. ***See*** 42 Pa.C.S.A. § 9543(a)(3); § 9544(a)(2).

Zguro's next claim is that it was reversible error for the court not to hold an evidentiary hearing regarding his claims of ineffectiveness. However, Zguro has failed to raise this issue in his Rule 1925(b) statement. "Any issues not raised in a 1925(b) statement will be deemed waived." ***Commonwealth v. Edrington***, 780 A.2d 721, 723 (Pa. Super. 2001), quoting ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) (quotation marks omitted). Therefore, we find that Zguro has waived this issue.

Finally, Zguro claims his sentence is illegal. Although, Zguro has not developed this argument in his 1925(b) statement, a "challenge to the legality of the sentence may be raised as a matter of right, is non-waivable, and may be entertained so long as the reviewing court has jurisdiction." ***Commonwealth v. Robinson***, 931 A.2d 15, 19-20 (Pa. Super. 2007). "[T]he term 'illegal sentence' is a term of art that our Courts apply narrowly, to a relatively small class of cases." ***Commonwealth v. Berry***, 877 A.2d 479, 483 (Pa. Super. 2005). Our Court has held that this class of cases includes: "(1) claims that the sentence fell 'outside of the legal parameters

prescribed by the applicable statute'; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in *Apprendi v. New Jersey*, 530 U.S. 466 (2000)." *Robinson*, 931 A.2d at 21.

This case does not fall under any of the class of cases to be considered an illegal sentence. Zguro's sentence fell within statutory limits after probation was revoked.[4] This is also not a claim involving merger or double jeopardy, as the trial court properly held that all three counts of unlawful taking were the result of three different criminal acts. *Robinson*, 931 at 24-25. Finally, *Apprendi* is not relevant here, as the lower court did not find "any fact that increases the penalty for a crime beyond the prescribed statutory maximum." *Apprendi*, 530 U.S. at 490. Therefore, this claim is meritless.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2017

---

[4] 42 Pa.C.S. § 9701 *et seq*.