J-S47042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| AARON M. NAZARIO, | : | |
| | : | |
| Appellant | : | No. 256 WDA 2018 |

Appeal from the PCRA Order December 15, 2017
in the Court of Common Pleas of McKean County
Criminal Division at No(s): 120 CR 2016

BEFORE:    OLSON, J., MCLAUGHLIN, J., and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED OCTOBER 25, 2018**

Aaron M. Nazario (Appellant) appeals from the December 15, 2017 order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we affirm the PCRA court's order dismissing Appellant's PCRA petition, but vacate his judgment of sentence to the extent it requires him to register under SORNA, and remand for proceedings consistent with this memorandum.

We begin with a brief procedural history.  On June 1, 2016, Appellant entered into a negotiated guilty plea to one count of indecent assault of a person less than 13 years of age, a misdemeanor of the first degree.[1]  The

_____

[1] 18 Pa.C.S. § 3126(a)(7).

*Retired Senior Judge appointed to the Superior Court.

offense occurred sometime between October 1, 2012 and May 31, 2014, when the victim was between seven and nine years old.[2] The victim's mother was Appellant's paramour, and Appellant resided with the victim and her mother at the time of the offense.[3] As part of the plea agreement, the Commonwealth withdrew the remaining charges of unlawful contact with a minor and corruption of minors set forth in the criminal information.

On December 23, 2016, Appellant was found to be a sexually violent predator (SVP) pursuant to 42 Pa.C.S. § 9799.24, and on February 14, 2017, was sentenced to 18 to 36 months of incarceration. Due to Appellant's conviction and SVP designation, he is subject to the provisions of Pennsylvania's Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.42, and is required to register for his lifetime as a sex offender. 42 Pa.C.S. §§ 9799.14(d)(8), 9799.15(a)(3), 9799.15(a)(6).

Appellant timely filed a direct appeal, and on September 18, 2017, this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Nazario*, 178 A.3d 169 (Pa. Super. 2017) (unpublished memorandum). Appellant did not seek allowance of appeal with our Supreme Court; thus, his judgment of sentence became final on October 18, 2017.

---

[2] Information, 3/31/2016, at 1; N.T. 2/14/2017, at 9; N.T., 12/23/2016, at 33, 54-55.

[3] N.T., 12/23/2016, at 32.

On November 3, 2017, Appellant, through counsel, timely filed a PCRA petition challenging the legality of his sentence. Specifically, Appellant claimed that his SVP status should be vacated pursuant to **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017),[4] *appeal granted*, 47 WAL 2018 (Pa. filed July 31, 2018) (holding that SORNA's provision relating to SVP designation is unconstitutional because it increases criminal punishment without a fact-finder making factual findings beyond a reasonable doubt). PCRA Petition, 11/3/2017, at ¶¶ 4, 11. Appellant further claimed that, pursuant to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (holding that certain registration requirements under SORNA are punitive in nature), his sentence is illegal because his lifetime registration requirement exceeds the maximum period of incarceration for his conviction. **Id.** at ¶¶ 4, 12.

On December 15, 2017, the PCRA court held a hearing. At the conclusion of the hearing, the PCRA court orally denied Appellant's petition and entered the order on the docket on December 18, 2017. In denying Appellant's petition, the PCRA court declined to apply **Butler** retroactively to Appellant. N.T., 12/15/2017, at 27-28. The PCRA court further declined to grant Appellant relief on his claim that his lifetime registration exceeds the maximum period of incarceration for the crime to which he pleaded guilty,

---

[4] **Butler** was filed on October 31, 2017, after Appellant's judgment of sentence became final.

- 3 -

stating that "this is something that there[ i]s no basis upon which [the PCRA court] can make that decision that [a] sexually violent predator designation … cannot be longer than the allowable sentence because again, this would go back and reverse sexually violent predator lifetime registrations for many, many years -- decades … and the [PCRA court is] just not going to do that." *Id.* at 28.

On February 14, 2018, Appellant filed a notice of appeal. The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied. In lieu of a Rule 1925(a) opinion, the PCRA court directed this Court to pages 27-28 of the transcript of the PCRA evidentiary hearing.[5]

On appeal, Appellant raises two issues for our review:

(1) Did the [PCRA] court err in denying Appellant's request for relief under the [] PCRA, holding that the determination of [Appellant's] status as a "sexually violent predator" will remain, following the Superior Court's ruling in [] ***Butler***.

(2) Did the [PCRA] court err in determining that Appellant's sentence requiring lifetime registration under SORNA was lawful, following the determination by the Pennsylvania [Supreme] Court in [] ***Muniz***, which now classifies sex offender registration as punitive rather than a collateral consequence to conviction?

Appellant's Brief at 4.

---

[5] The PCRA court noted that the senior judge who had presided over the PCRA hearing is no longer serving as a senior judge because he had "reached the mandatory age limit before the pending appeal was filed." Order, 3/9/2018.

Before addressing Appellant's arguments, we examine whether his appeal is timely filed. While not raised by the parties or the PCRA court, this Court may consider the issue of jurisdiction *sua sponte*. **Commonwealth v. Khalil**, 806 A.2d 415, 418 (Pa. Super. 2002).

A notice of appeal must be filed within 30 days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903. Here, the PCRA court filed its order on December 18, 2017, and the notice of appeal was filed on February 14, 2018, beyond the 30 day timeframe. However, due to errors by the clerk and court below, we conclude Appellant's appeal was timely filed. In a criminal case, "docket entries **shall** contain: (a) the date of receipt in the clerk's office of the order or court notice; (b) the date appearing on the order or court notice; and (c) the date of service of the order or court notice." Pa.R.Crim.P. 114(C)(2) (emphasis added); **see also** Pa.R.Crim.P. 113 (referring to criminal case file and docket entries).

Here, our review of the certified copy of the docket entries discloses no notation on the docket to indicate that the clerk furnished to Appellant a copy of the order denying his PCRA petition. Although the order itself contains a handwritten notation indicating service on the parties, the docket fails to state

the date of service.[6] *See* Pa.R.Crim.P. 114(C)(2)(c); Pa.R.A.P. 108(a)(1), (d)(1) (stating that appeal period only begins to run on the date the clerk "mails or delivers copies of the order to the parties"). Thus, the period for taking an appeal was never triggered and the instant appeal is considered to be timely filed. *Commonwealth v. Jerman*, 762 A.2d 366, 368 (Pa. Super. 2000) (holding appeal was timely filed because appeal period was never triggered where docket entry did not indicate clerk furnished copy of order to appellant).

Further, in post-conviction collateral proceedings,

> [i]f the judge disposes of the case in open court in the presence of the defendant at the conclusion of the hearing, the judge **shall** advise the defendant on the record of the right to appeal from the final order disposing of the petition and of the time within which the appeal must be taken. If the case is taken under advisement, or when the defendant is not present in open court, the judge, by certified mail, return receipt requested, shall advise the defendant of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed.

Pa.R.Crim.P. 908(E) (emphasis added). Here, Appellant appeared at the hearing via telephone and the PCRA court disposed of the petition in open court. *See* N.T., 12/15/2017, at 3, 27-28. Thus, pursuant to Rule 908, the

---

[6] We also note with displeasure the clerk's unexplained change to the date stamp appearing on the notice of appeal. The clerk appears to have originally date-stamped the notice of appeal on January 5, 2018 (which is also the date Appellant's counsel indicated he served the notice of appeal on all parties), but that date has been "whited out" and a new, handwritten date of February 14, 2018 appears.

- 6 -

judge was required to advise Appellant on the record of his appellate rights. However, the PCRA court failed to do so. We further note that, while not technically required under Rule 908 in this case, because Appellant was present at the hearing, the PCRA court's order denying Appellant's petition likewise failed to advise him of his appellate rights. Pa.R.Crim.P. 908(E). Thus, at no point following denial of his petition did the PCRA court advise Appellant of his appellate rights, even though it was required to do so.

Based on the foregoing, we conclude that we may address Appellant's appeal. *See Jerman*, 762 A.2d at 368. Even if Appellant's appeal were untimely, we would still address it. *See Khalil*, 806 A.2d at 419 (holding this Court "will address an otherwise untimely appeal if fraud or [a] breakdown in the trial court's processes resulted in an untimely appeal").

We now turn to the merits of Appellant's claims. Our standard of review of the denial of a PCRA petition is limited to examining whether the PCRA court's rulings are supported by the evidence of record and free of legal error. *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010).

Appellant first raises an argument under *Butler* to challenge his SVP designation. Appellant's Brief at 14-18. In that case, Butler challenged his SVP designation on direct appeal. This Court concluded that, in light of our Supreme Court's decision in *Muniz* classifying registration requirements as punitive, "[sub]section 9799.24(e) of SORNA [relating to SVP designation]

- 7 -

violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." **Butler**, 173 A.3d at 1218. This Court's reasoning in **Butler** relied on the United States Supreme Court's decision in **Alleyne**,[7] which our Supreme Court has held does not apply retroactively where, as here, judgment of sentence is final. **See Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016) (holding that "**Alleyne** does not apply retroactively to cases pending on collateral review"). Accordingly, we decline to construe **Butler** to apply retroactively to cases pending on collateral review. As noted *supra*, Appellant's judgment of sentence became final on October 18, 2017, which predates **Butler**, and we therefore agree with the PCRA court that Appellant is not entitled to relief on this claim.

Appellant next claims that the PCRA court "erred in denying Appellant's PCRA petition, determining that Appellant's sentence requiring lifetime registration under SORNA was a lawful sentence." Appellant's Brief at 18.

To address this issue, we now examine Appellant's sex offender registration requirements. There is no dispute that Appellant entered into a

---

[7] **Alleyne v. United States**, 570 U.S. 99, 102 (2013) (holding that "[a]ny fact that, by law, increases the penalty for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt") (citation and internal quotation marks omitted).

negotiated guilty plea to one count of indecent assault of a person less than 13 years of age, which is a Tier III sexual offense requiring lifetime registration under SORNA. 42 Pa.C.S. §§ 9799.14(d)(8), 9799.15(a)(3). However, Appellant argues that because the charge to which he pleaded guilty carries a maximum sentence of 5 years of incarceration, under *Muniz*, his period of registration "should be capped at the 5 year maximum punishment permitted for a misdemeanor of the [first] degree." Appellant's Brief at 18-19. This Court recently addressed this issue as one of first impression, concluding that

> SORNA's registration requirements are an authorized punitive measure separate and apart from [an a]ppellant's term of incarceration. The legislature did not limit the authority of a court to impose registration requirements only within the maximum allowable term of incarceration; in fact, the legislature mandated the opposite and required courts to impose registration requirements in excess of the maximum allowable term of incarceration.

*Commonwealth v. Strafford*, ___ A.3d ___, 2018 WL 3717081 at *3 (Pa. Super. filed August 6, 2018). Thus, we conclude that Appellant's lifetime registration requirement authorized by SORNA does not constitute an illegal sentence and no relief is due in that regard.

Finally, while Appellant does not assert that SORNA was applied retroactively to him in violation of the *ex post facto* clause of the Pennsylvania constitution, because *Muniz* implicates the legality of his sentence, we may review it *sua sponte*. *Commonwealth v. Edrington*, 780 A.2d 721, 723 (Pa. Super. 2001).

We begin with the relevant legal framework.

Critical to relief under the *ex post facto* clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated. Based on these concerns, [in ***Calder v. Bull***, 3 U.S. 386 (1798),] Chief Justice Chase set out four categories of laws that violate such prohibitions:

> 1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2nd. Every law that aggravates a crime, or makes it greater than it was, when committed. **3rd. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.** 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender.

Furthermore, two critical elements must be met for a criminal or penal law to be deemed *ex post facto*: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it. As such, [o]nly those laws which disadvantage a defendant *and* fall within a ***Calder*** category are *ex post facto* laws and constitutionally infirm. ***Commonwealth v. Young***, [] 637 A.2d 1313, 1318 ([Pa. ]1993) (emphasis in original). The *ex post facto* clauses of the United States and Pennsylvania Constitutions are implicated here because a holding rendering the effects of SORNA's registration requirements punitive would place the statute into the third ***Calder*** category: application of the statute would inflict greater punishment on appellant than the law in effect at the time he committed his crimes.

***Muniz***, 164 A.3d at 1195–96 (quotation marks, unnecessary capitalization, and some citations omitted) (emphasis added).

"The *Muniz* Court held that Pennsylvania's SORNA is an unconstitutional *ex post facto* law when applied retroactively to those sexual offenders convicted of applicable crimes before the act's effective[] date and subjected to increased registration requirements under SORNA after its passage." *Commonwealth v. McCullough*, 174 A.3d 1094, 1095 (Pa. Super. 2017); *see also Commonwealth v. Hart*, 174 A.3d 660, 667 n.9 (Pa. Super. 2017) (holding that "the binding precedent emerging from *Muniz* is confined to the determination that SORNA's registration requirement is punishment that runs afoul of the *ex post facto* clause of the Pennsylvania Constitution when applied retroactively").

SORNA became effective on December 20, 2012, replacing Megan's Law III.[8] Under the Megan's Law III scheme, a person with one conviction of indecent assault with a person less than 13 years of age was subject to a 10-year registration period. 42 Pa.C.S. § 9795.1(a)(1) (expired). Under SORNA, a person with such a conviction is subject to lifetime registration. 42 Pa.C.S. §§ 9799.14(d)(8), 9799.15(a)(3). Thus, SORNA increased the period of

---

[8] Megan's Law III was invalidated by our Supreme Court's decision in *Commonwealth v. Neiman*, 84 A.3d 603 (Pa. 2013).

- 11 -

registration for one conviction of indecent assault of a person less than 13 years of age.[9]

We cannot discern from the record the date on which Appellant committed the offense to which he pleaded guilty. Appellant's criminal information charged him with three sexual offenses that were committed between October 1, 2012 and May 31, 2014. Because Appellant entered into a negotiated plea agreement, resulting in the remaining charges being withdrawn, we cannot determine from the record whether Appellant committed the crime to which he pleaded guilty before or after SORNA's effective date. If Appellant committed the crime at issue here before SORNA's effective date (*i.e.*, before December 20, 2012), "application of [SORNA] would inflict greater punishment on [A]ppellant than the law in effect at the time he committed his crime" and thus, the statute cannot be applied retroactively to Appellant without violating the *ex post facto* clause of the Pennsylvania constitution. ***See Muniz***, 164 A.3d at 1192-93, 1196. If Appellant committed the crime to which he pleaded guilty on or after

---

[9] In addition, SORNA enhanced registration requirements for Tier III offenses, including quarterly in-person reporting and dissemination of personal information *via* an Internet website. ***Muniz***, 164 A.3d at 1210-11 (citing ***Commonwealth v. Perez***, 97 A.3d 747, 765 (Pa. Super. 2014) (Donohue, J. concurring)). These additional, more stringent registration requirements constitute a greater punishment than what would have been imposed under Megan's Law III. As such, retroactive application of these enhanced registration requirements runs afoul of constitutional *ex post facto* prohibition. ***See Muniz***, 164 A.3d at 1193, 1216.

December 20, 2012, imposing registration under SORNA was legal. Regardless, due to Appellant's SVP status, he must still register as a sex offender for his lifetime. **See Butler** discussion, *supra*.

Accordingly, we vacate Appellant's judgment of sentence to the extent it requires Appellant to register as a sex offender pursuant to SORNA, and remand for a determination of the date on which Appellant committed the crime to which he pleaded guilty. Following that determination, Appellant shall be provided with the appropriate tier-based registration obligations and resentenced accordingly.

PCRA court order affirmed. Portion of sentencing order requiring Appellant to comply with SORNA vacated to permit a determination of the date on which Appellant committed the crime to which he pleaded guilty. Judgment of sentence affirmed in all other respects. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judge Olson concurs in the result.

Judge McLaughlin concurs in the result.