J-S65012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYLER SCOTT SHREINER | : | |
| | : | |
| Appellant | : | No. 587 MDA 2019 |

Appeal from the PCRA Order Entered February 1, 2019
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0004733-2016

BEFORE: PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED FEBRUARY 10, 2020**

Tyler Scott Shreiner appeals, *pro se*, from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Shreiner contends that his conviction for failing to comply with the reporting requirements of Pennsylvania's Sex Offender Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.10-9799.41 ("SORNA I") is unconstitutional.[1] After careful review, we affirm.

In 2015, under docket number CP-22-CR-6055-2014, Shreiner pled guilty to one count each of unlawful contact with a minor, statutory sexual

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] In 2018 the Pennsylvania legislature enacted amendments to SORNA I in response to the Supreme Court of Pennsylvania's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). These amendments are now referred to as SORNA II. Shreiner has not raised any issue with regard to SORNA II.

assault, corruption of minors, and indecent assault of a person less than 16 years of age. The offenses giving rise to those convictions allegedly occurred between September 2013 and October 2013.

Additionally, under docket number CP-22-CR-6057-2014, Shreiner pled guilty to one count each of statutory sexual assault, unlawful contact with a minor, corruption of minors, and indecent assault of a person less than 16 years of age. The offenses giving rise to those convictions allegedly occurred between November 2013 and February 2014. Along with his sentences for both dockets, he was required to comport with certain sex-offender registration requirements in accordance with SORNA I.

At the above captioned revocation case, on June 29, 2017, Shreiner pled guilty to one count each of failure to provide accurate information, failure to comply with the registration requirements of SORNA I, and driving while operating privilege was suspended. He was sentenced the same day to two to four years' incarceration to be followed by five years' probation. Shreiner did not file a post sentence motion or direct appeal.

On February 20, 2018, Shreiner filed, *pro se*, his first PCRA petition. In his petition he argued, among other things, that his conviction under SORNA is unconstitutional under the Pennsylvania Supreme Court's holding in ***Commonwealth v Muniz***, 164 A.3d 1189 (Pa. 2017) and therefore he could not be convicted of violating the registration requirements of SORNA.

The court appointed Joseph M. Sembrot, Esquire to represent Shreiner. After the court granted a continuance to file an amended petition, Attorney Sembrot later filed a motion to withdraw from representation and a **Turney/Finley**[2] "no-merit" letter. On August 8, 2018, the PCRA court permitted Attorney Sembrot to withdraw and issued its notice of intent to dismiss Shreiner's petition. Shreiner filed a *pro se* motion for extension of time to file a brief, which the court denied.

On November 30, 2018, Shreiner filed a *pro se* notice of appeal to this Court from the trial court's August 8, 2018 order. On January 9, 2018, this Court directed Shreiner to show cause why his appeal should not be quashed as taken from an unappealable order.

On January 24, 2019, the trial court issued an order dismissing Shreiner's PCRA petition. Seemingly unaware of the January order, on February 6, 2019, Shreiner filed a motion for a final order. The court denied the motion, finding it moot based on their issuance of a final order on January 24, 2019. On March 12, 2019, this Court quashed Shreiner's appeal, finding the order it was taken from – the trial court's August 8, 2018 notice pursuant to Pa.R.Crim.P. 907(1) – was not a final appealable order.

---

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On April 11, 2019, Shreiner filed the instant appeal to this Court. His notice of appeal did not specify from which order he was appealing. However, in his 1925(b) statement he raises the same issues as in his PCRA petition, along with a contention that it was error for the trial court to deny his motion for an extension of time to file an amended brief.

Before we address the merits of Shreiner's appeal, we must first address the question of whether this appeal is properly before us. We may address questions of our jurisdiction *sua sponte*. ***See Commonwealth v. Edrington***, 780 A.2d 721, 725 (Pa. Super. 2001).

> In order to invoke our appellate jurisdiction, Pennsylvania Rule of Appellate Procedure 903 requires that all notice[s] of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken. Because this filing period is jurisdictional in nature, it must be strictly construed and may not be extended as a matter of indulgence or grace.

***Commonwealth v. Gaines***, 127 A.3d 15, 17 (Pa. Super. 2015) (citations and internal quotation marks omitted). The appellate rules define the manner for determining the date of entry of an order as follows:

> Except as otherwise prescribed in this rule, in computing any period of time under these rules involving the date of entry of an order by a court ..., the day of entry shall be the day the clerk of the court ... mails or delivers copies of the order to the parties, or if such delivery is not otherwise required by law, the day the clerk ... makes such copies public.

Pa.R.A.P. Rule 108(a)(1).

Therefore, we must determine whether the clerk of court was required by law to deliver or mail copies of the order to the parties. With respect to this

issue, Rule 907 provides that when a petition is dismissed without a hearing the judge "shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition" Pa.R.Crim.P. 907. The rule specifies that the order shall be filed and served pursuant to Pennsylvania Rule of Criminal Procedure 114.

> [Rule] 114 provides that the clerk of courts shall promptly serve a copy of any order or court notice on ... the party if unrepresented. … The rules provide that where a party is unrepresented, service shall be in writing by sending a copy of the order by certified, registered, or first class mail addressed to the party's place of residence, business, or confinement. A docket entry shall promptly be made containing the date and manner of service of the order.

*Commonwealth v. Boyd*, 923 A.2d 513, 514 n.2 (Pa. Super. 2007) (citations omitted). "The language of the Rule leaves no question that the clerk's obligations are not discretionary." *Commonwealth v. Hess*, 810 A.2d 1249, 1253 (Pa. 2002).

Here, the PCRA court's order was docketed as filed on January 24, 2019. However, the docket entry shows service was made to Attorney Sembrot on February 1, 2019. Attorney Sembrot was permitted to withdraw months earlier, on August 8, 2018. Since the docket does not contain a notation that the PCRA court delivered or mailed the order to Shreiner, an unrepresented party, we assume the period for taking an appeal was never triggered and the appeal is considered timely. *See Commonwealth v. Jerman*, 762 A.2d 366, 368 (Pa. Super. 2000) (holding that an appeal is timely and the period of

taking an appeal was never triggered if there is no indication that the clerk furnished a copy of the order to the appellant in the docket entries). We therefore proceed to consider the merits of Shreiner's appeal.

In his first issue raised on appeal, Shreiner contends he should not be subject to the registration requirements of SORNA because "said law was deemed unconstitutional in [its] entirety by the Pennsylvania Supreme Court Decision in **Commonwealth v. Neiman**, 84 A.3d 603 (Pa. 2013)." Appellant's Brief, at 2. Shreiner has misstated the holding in **Neiman**, which declared Megan's Law III to be unconstitutional. **See id**. However, Shreiner was never required to register pursuant to Megan's Law III.

The Pennsylvania legislature replaced Megan's Law with SORNA I, effective December 20, 2012.[3] Shreiner was convicted of the crimes requiring him to register as a sex offender in 2015. Therefore, at the time he was convicted and sentenced, Shreiner was required to register pursuant to SORNA. Shreiner's first issue is without merit.

In his second issue on appeal, Shreiner contends his conviction for failure to comply with registration requirements under SORNA is unconstitutional pursuant to **Muniz**. We find **Muniz** does not apply here.

In **Muniz**, our Supreme Court held that retroactive application of SORNA violated the *ex post facto* clauses of the United States and Pennsylvania

---

[3] Among other modifications, SORNA effectively increased the registration requirements of many offenders subject to its rules.

Constitutions. **See id**. We recently held that the critical inquiry for determining whether the application of SORNA to a convicted sex offender violates the *ex post facto* prohibitions is the date of the offense. **See Commonwealth v. Horning**, 193 A.3d 411, 417 (Pa. Super. 2018). Here, the offenses giving rise to Shreiner's convictions occurred between 2013 and 2014, after SORNA was already in effect. Therefore, SORNA was never retroactively applied to Shreiner. As such, the holding in **Muniz** is not relevant. Consequently, we find Shreiner's second issue without merit.

In his last issue, Shreiner argues the trial court erred in denying his motion for an extension of time to file an amended PCRA. Attorney Sembrot filed his motion to withdraw on June 15, 2018, and in doing so notified Shreiner of his rights, including his right to file his own brief raising any additional issues he deemed meritorious. Shreiner did not file a response prior to the PCRA court giving notice of its intent to dismiss Shreiner's PCRA petition on August 8, 2018. The notice gave Shreiner twenty days to respond.

On August 23, 2018[4], Shreiner filed a motion for an extension of time, claiming the legal aide who was helping him draft his response had fallen ill

---

[4] The Commonwealth contends Shreiner failed to file his motion for an extension until after the twenty-day time frame. The response to the PCRA court's intent to dismiss would have been due by August 28, 2018. The docket reflects Shreiner's motion was filed on August 31, 2018. However, pursuant to the "prisoner mailbox rule," a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing. **See** Pa.R.A.P. 121(a); **see generally, Commonwealth v. Wilson**, 911 A.2d 942, 944 n.2

and could not help him in time to file the response before the twenty day deadline. The PCRA court dismissed the motion for an extension on September 4, 2018. Shreiner contends the PCRA court erred in denying the motion for extension of time.

Pennsylvania Rule of Criminal Procedure 907(1) grants a petitioner twenty days to respond to the court's notice of intent to dismiss. **See** Pa.R.Crim.P. 907(1). "The decision to grant a continuance is within the sound discretion of the [PCRA] court, and we will reverse only if the court has abused its discretion." **Commonwealth v. Paddy**, 15 A.3d 431, 470 (Pa. 2011) (citations omitted).

While Shreiner complains that the PCRA court erred in denying his request for a continuance, he does not identify what he would have included in his response if the continuance had been granted. In the absence of this information, we cannot conclude the PCRA court erred or abused its discretion in denying the continuance. As such, Shreiner's third and final issue on appeal merits no relief.

Order affirmed.

_____

(Pa. Super 2006). Shreiner's signed certificate of service attached to his motion states he "mailed" and paid postage on August 23, 2018. Nevertheless, as we do not find the timeliness of this motion dispositive, we need not reach the issue of whether he is covered by the prisoner mailbox rule.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/10/2020