J-S24007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MELVIN WILLIAMS | : | |
| | : | |
| Appellant | : | No. 2302 EDA 2021 |

Appeal from the PCRA Order Entered August 24, 2021
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0004645-2015

BEFORE:   PANELLA, P.J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:              **FILED SEPTEMBER 14, 2022**

Melvin Williams appeals *pro se* from the order entered in the Delaware County Court of Common Pleas on August 24, 2021, dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546 as untimely. After careful review, we are constrained to quash this appeal as untimely.

On December 28, 2015, Williams entered a negotiated guilty plea to involuntary deviate sexual intercourse, sexual abuse of children and incest. Following deferment for preparation of a sexual offender evaluation, the trial court sentenced Williams to a negotiated aggregate term of eight to twenty years' incarceration, plus twenty years' probation. At the same hearing, the

---

[*] Retired Senior Judge assigned to the Superior Court.

trial court determined Williams was a Sexually Violent Predator ("SVP"), as well as a Tier III offender,[1] and ordered him to comply with registration and notification requirements pursuant to the then-in effect version of Pennsylvania's Sex Offender Registration and Notification Act ("SORNA").[2] Williams filed a timely post-sentence motion challenging the validity of the plea, which he later withdrew. No direct appeal was filed.

On June 28, 2017, Williams filed a timely *pro se* PCRA petition. Counsel was appointed and filed an amended petition, alleging the sentence imposed was illegal pursuant to *Muniz*.[3] After a hearing, and by agreement of both parties, the PCRA court vacated Williams's SVP designation. The remainder of Williams's sentence was left undisturbed, including being subject to lifetime sexual offender registration as a Tier III offender. Williams filed a *pro se* notice of appeal which he later discontinued.

On April 26, 2019, Williams filed a second *pro se* PCRA petition, alleging the warrantless search of his cell phone violated his Fourth Amendment rights.

---

[1] 18 Pa.C.S.A. §§ 3123(b), 4302(b), 6312.

[2] SORNA I was enacted at 42 Pa.C.S.A. §§ 9799.10 to 9799.41. The current version of SORNA, "SORNA II," was enacted in 2018, in response to *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), and appears at 42 Pa. C.S.A. §§ 9799.10 through 9799.75.

[3] In *Muniz*, the Supreme Court of Pennsylvania held that the retroactive application of SORNA's registration and reporting requirements violated the ex post facto clauses of the United States and Pennsylvania Constitutions. *Muniz*, 164 A.3d at 1223.

The PCRA court subsequently issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, finding the petition was untimely and without merit. After consideration of Williams's response, the PCRA court dismissed the petition on August 26, 2019. We affirmed the dismissal on appeal.

On December 30, 2020, Williams filed the underlying third *pro se* PCRA petition. Counsel was appointed, but did not file an amended petition. Instead, counsel filed a ***Finley***[4] no-merit letter, along with a petition to withdraw as counsel. The PCRA court granted counsel leave to withdraw and issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On August 24, 2021, the PCRA court dismissed the PCRA petition.

On September 13, 2021, Williams filed a "Pro Se Correspondence - Motion for Judicial Notice," requesting that the appeal from the dismissal of the PCRA petition be delayed until the prison returns his legal documents that were confiscated. Subsequently, on September 30, 2021, Williams filed "Defendant's Pro Se Motion for Extension of Time," requesting "additional time to respond to my PCRA's dismissal." With no response from the PCRA court

---

[4] ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

regarding these motions, on November 8, 2021, Williams filed a *pro se* notice of appeal from the order denying his PCRA petition.[5]

As a prefatory matter, we must address our jurisdiction to entertain this appeal because an untimely appeal divests this Court of jurisdiction to entertain the appeal. **See Commonwealth v. Edrington**, 780 A.2d 721, 725 (Pa. Super. 2001). We may address questions of our jurisdiction *sua sponte*. **See id.**

On January 18, 2022, this Court issued a rule to show cause why this appeal should not be quashed as untimely filed. After consideration of Williams's response, our Court referred this issue to the merits panel. In his response to our rule to show cause, Williams stated that "at the time of the filing of the notice of appeal he was housed in the (RHU), aka the 'hole' and he did not have his legal material." Williams's response appears to be based on his perceived need to conduct legal research on his claim prior to filing a notice of appeal.

Generally speaking, Pennsylvania Rule of Appellate Procedure 341(a) directs that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). "An order … denying,

---

[5] While Williams stated the appeal was from the order dismissing his PCRA petition, he failed to indicate on the notice of appeal the date of the order being appealed. While this issue was addressed in the rule to show cause discussed below, this Court subsequently amended the notice to include the correct date of the order. Accordingly, we need not address this issue.

dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." Pa.R.Crim.P. 910. "[T]he notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). As such, "[t]ime limitations on the taking of appeals are strictly construed and cannot be extended as a matter of grace." *Commonwealth v. Perez*, 799 A.2d 848, 851 (Pa. Super. 2002) (citation omitted); *see also* Pa.R.A.P. 105(b) ("An appellate court … may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, a petition for review, or a petition for specialized review."). "Nonetheless, this general rule does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court." *Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007).

"In a criminal case, the date of entry of an order [that triggers the appeal period] is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time and manner of notice on the docket." *Commonwealth v. Jerman*, 762 A.2d 366, 368 (Pa. Super. 2000).

Here, the clerk entered the order dismissing the PCRA petition on the docket on August 24, 2021. We note there is some ambiguity in the record as to what date the order was actually mailed to Williams. While the order was docketed on August 24, 2021, a copy of the certified mail receipt from the

order sent to Williams is included in the certified record and is postmarked August 27, 2021. Even if we give Williams the benefit of the doubt and construe the appeal period to begin on August 27, 2021, Williams still would have only had until Monday, September 27, 2021, to file his notice of appeal. Williams's notice of appeal was not docketed until November 8, 2021.

Nevertheless, pursuant to the "prisoner mailbox rule," a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing. *See* Pa.R.A.P. 121(a); *see Commonwealth v. Wilson*, 911 A.2d 942, 944 n.2 (Pa. Super. 2006). To qualify for the mailbox rule, Williams was required to supply sufficient proof of the date that he turned the notice over to prison officials for mailing. *See Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997) (accepting any reasonable verifiable evidence of the date a prisoner places his filing in the control of prison authorities); *Commonwealth v. Perez*, 799 A.2d 848, 851 (Pa. Super. 2002).

Williams included, in the certified record, the envelope used to send the notice of appeal to the court that is postmarked on November 3, 2021. This date is still not within the 30-day appeal period. Nor is it close enough to reasonably imply that Williams gave the notice to prison authorities within the appeal period. As such, we conclude Williams has not provided sufficient proof that he filed a timely notice of appeal under the "prisoner mailbox rule".

Finally, Williams's request for an extension is of no moment, as it is well-settled that the PCRA court could not have granted Williams the extension he

sought. ***See Patterson***, 940 A.2d at 498; Pa.R.A.P. 105(b).[6] Williams points to no fraud or breakdown in the court system that would permit us to grant relief.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/14/2022

---

[6] We emphasize that our rules of appellate procedure clearly identify the steps appellants must take to perfect an appeal and invoke this Court's jurisdiction. ***See*** Pa.R.A.P. 901. "[T]o perfect an appeal from a lower court order, an appellant need only file a notice of appeal with the clerk of the lower court within the applicable time period allotted by Rule 903. A timely notice of appeal triggers the jurisdiction of the appellate court, notwithstanding whether the notice of appeal is otherwise defective." ***Commonwealth v. Williams***, 106 A.3d at 587 (citations omitted).

Notably, if Williams was able to file two *pro se* motions within the 30-day time frame, it is difficult to envision what prevented him from timely filing the requisite notice of appeal, a step that requires minimal effort in order to simply preserve an appellant's appeal rights. Should an appellant require more time to prepare the substantive appellate brief requirements, the appellant may request an extension of time to file a brief once the court has jurisdiction over the appeal.