J-S32015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                              :             PENNSYLVANIA
                              :
          v.                    :
                              :
                              :
JESUS ROSARIO                  :
                              :
          Appellant          :     No. 434 MDA 2022

Appeal from the Judgment of Sentence Entered February 2, 2022
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0006728-2018

BEFORE: PANELLA, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY PANELLA, P.J.:         **FILED: DECEMBER 29, 2022**

Jesus Rosario appeals from the judgment of sentence entered in the Lancaster County Court of Common Pleas on May 31, 2022. On appeal, Rosario challenges the trial court's denial of his motion for a new trial, and the sufficiency of the evidence supporting his conviction for sexual assault. After careful review, we affirm.

A detailed recitation of the facts of this case is not necessary to this appeal. Briefly, in October 2018, Rosario was charged with rape, sexual assault, aggravated assault, and indecent assault based on allegations he had sexually assaulted a young woman after driving her home in his cab.

The next day, the young woman told her sister what happened and her sister took her to the hospital where a rape kit was completed, and the complainant was interviewed by a detective who then performed an

investigation into the matter, including interviewing Rosario. The case hinged on varying accounts of what transpired that night - namely, the young woman claiming Rosario raped her, and Rosario claiming their interaction was consensual.

On September 15, 2021, a jury found Rosario guilty of one count each of sexual assault and indecent assault without consent. Prior to sentencing, Rosario filed a motion for a new trial based on allegations of prosecutorial misconduct during closing arguments.

On February 2, 2022, a sentencing hearing was held. At the start of the hearing, the trial court acknowledged the motion for a new trial, and stated it was treating the motion as a post-sentence motion and would rule on it after the Commonwealth filed a response. The trial court proceeded to sentence Rosario to five to ten years' incarceration.

A few days later, the Commonwealth filed a response to the motion. On February 25, 2022, the trial court denied the motion for a new trial. On March 10, 2022, Rosario filed the instant notice of appeal.

On March 26, 2022, this Court issued a rule to show cause why this appeal should not be quashed as untimely filed highlighting the 36 days between the judgment of sentence and Rosario's notice of appeal and the absence of a post-sentence motion. In his response to our rule to show cause, Rosario's counsel indicated she believed the motion for a new trial was being considered as a post-sentence motion because it had not yet been decided in

accordance with Pa.R.Crim.P. 607(B)(1). Further, counsel stated she filed the notice of appeal within thirty days of the denial of the motion for a new trial. After consideration of Rosario's response, our Court referred this issue to the merits panel.

Accordingly, as a prefatory matter, we must address our jurisdiction to entertain this appeal because an untimely appeal divests this Court of jurisdiction to entertain the appeal. ***See Commonwealth v. Edrington***, 780 A.2d 721, 725 (Pa. Super. 2001). We may address questions of our jurisdiction *sua sponte*. ***See id.***

"Absent extraordinary circumstances, an appellate court lacks the power to enlarge or extend the time provided by statute for taking an appeal." ***Commonwealth v. Williams***, 106 A.3d 583, 587 (Pa. 2014). "Thus, an appellant's failure to appeal timely an order generally divests the appellate court of its jurisdiction to hear the appeal." ***Id***. (citation omitted).

Generally, a post-sentence motion must be filed within ten days after the imposition of sentence, and to be timely, an appeal must be filed within thirty days of the entry of the order deciding the motion. ***See*** Pa.R.Crim.P. 720(A)(2)(a). An untimely post-sentence motion does not toll the time to file an appeal. ***See Commonwealth v. Green***, 862 A.2d 613, 618 (Pa. Super. 2004) (*en banc*).

The question before us now is whether Rosario's motion, filed prior to sentencing, can qualify as a post-sentence motion. We start by noting that

the trial court ruled that it would treat it as a post-sentence motion. **See** N.T. 2/2/2022, at 2 ("I've taken your motion for a new trial as a post-sentence motion, which is what it should be."). As such, it is arguable that even if Rosario's motion cannot be treated as a post-sentence motion, we could overlook the problem as caused by a breakdown in court operations. **See** **Commonwealth v. Larkin**, 235 A.3d 350, 354 (Pa. Super. 2020) (*en banc*) (refusing to quash an appeal where court misinformed appellant of his appellate rights).

However, we need not reach that issue, as we conclude the trial court was entitled to treat Rosario's pre-sentence motion as a post-sentence motion under the circumstances. Generally, pre-sentence motions are governed by Pa.R.Crim.P. 704(B). Rule 704(B) requires that such motions be oral, must not delay sentencing, and are to be entertained only in extraordinary circumstances. **See id**. Here, the trial court was presented with a written motion that arguably did not assert extraordinary circumstances. It properly declined to entertain the motion at that time, as it just as arguably could have delayed sentencing.

One exception to the general rule of pre-sentence motions involves motions challenging the weight of the evidence at trial. In those circumstances, a trial court must address the pre-sentence motion prior to sentencing. **See** Pa.R.Crim.P. 607(B)(1). But Rosario's motion did not raise a weight of the evidence claim, so Rule 607(B)(1) does not control.

- 4 -

We therefore turn to whether Rosario's motion can qualify as a post-sentence motion under the Rules of Criminal Procedure. Pa.R.Crim.P. 720 governs the filing of post-sentence motions, and succinctly sets forth the technical requirements for a post-sentence motion: Except for issues of after discovered evidence or in appeals from summary convictions, "a written post-sentence motion shall be filed *no later than* 10 days after imposition of sentence." Pa.R.Crim.P. 720(A)(1) (emphasis added).

Here, Rosario's motion was in writing, and was not filed later than 10 days after the imposition of sentence. As a result, the trial court was entitled to treat it as a post-sentence motion in the absence of some other controlling authority. Since the court denied the motion for a new trial on February 25, 2022, Rosario had 30 days from that point in time to file a timely appeal. **See** Pa.R.Crim.P. 720(A)(2)(a). A notice of appeal was filed on March 10, 2022, well within the 30 day time frame. Accordingly, the current appeal was timely filed and we will now address it on its merits.

First, Rosario claims the trial court abused its discretion when it denied his motion for a new trial based on claims of prosecutorial misconduct. Specifically, Rosario claims a new trial was warranted based on prejudicial remarks made by the prosecutor during closing arguments. Rosario highlights the following passage in the prosecutor's closing arguments:

> What else didn't he ask [the complainant] about? Remember [Rosario]'s entire story about how [the complainant] became this crazed sex maniac, I'm mad horny. She said she was mad horny. She said go get condoms. Over and over again [Rosario] said that

- 5 -

throughout his interview. Mr. McMahon didn't even mention that when [the complainant] was on the stand. Not once. Also didn't mention it to Detective Jones. Not once. Why, ladies and gentlemen? **I submit even Mr. McMahon doesn't believe that bogus story. He cannot come up here and ask questions about it because even he can't stand behind it.** He ignored it.

…

Mr. McMahon wants you to believe you can't believe this one person, which sounds to me like he was trying to say if you're ever drunk and get raped, sorry, you're out of luck. The Commonwealth shouldn't prosecute it. We can only prosecute --

N.T., Jury Trial - Volume 2, 9/14/2021, at 307-308, 321 (emphasis added).

Immediately following the latter comment, defense counsel lodged an objection with the court. *See id*. at 321-322 ("Objection. I take offense. I never said anything like that. That is offensive. I never said that."). Further, at the end of the prosecutor's closing argument, defense counsel lodged objections to both comments above, and requested a mistrial. *See id*. at 324-325, 329. The trial court denied the request. *See id*. at 330. During closing instructions, the trial court gave the following curative instruction:

As I have instructed you more than once in this trial, the speeches of the lawyers are not part of the evidence, and you should not consider them as such. However, in deciding the case, you should carefully consider the evidence in light of the various reasons and arguments each side presented. It is the right and duty of each lawyer to discuss the evidence in a manner that is most favorable to the side he or she represents. You should be guided by each side's arguments to the extent they are supported by the evidence and insofar as they aid you in applying your own reason and common sense. However you are not required to accept the arguments of either side. It is for you and you alone to decide the case based on the evidence as it was presented from the witness stand and in accordance with the instructions I am now giving you.

*Id*. at 333-334. The trial court had given a similar instruction immediately prior to closing arguments. *See id*. at 269-270.

"Our standard of review in a case such as this one, involving the trial court's denial of a motion for new trial based on alleged prosecutorial misconduct, is whether the trial court abused its discretion." *See Commonwealth v. Gease*, 696 A.2d 130, 134 (Pa. 1997) (citation omitted).

Our Supreme Court has endorsed a two-part test to review a prosecutor's remarks: (1) whether the substance of the remarks relate to the elements of the crimes charges, the evidence presented, and constitute a fair and reasonable rebuttal to the defenses' arguments and (2) whether the unavoidable effect of the remarks was to prejudice the jury against the defendant. *See Commonwealth v. Clancy*, 192 A.3d 44, 62-63 (Pa. 2018).

> It is well established that a prosecutor is permitted to vigorously argue his case so long as his comments are supported by the evidence or constitute legitimate inferences arising from that evidence.
>
>> In considering a claim of prosecutorial misconduct, our inquiry is centered on whether the defendant was deprived of a fair trial, not deprived of a perfect one. Thus, a prosecutor's remarks do not constitute reversible error unless their unavoidable effect ... [was] to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the evidence objectively and render a true verdict. Further, the allegedly improper remarks must be viewed in the context of the closing argument as a whole.

*Commonwealth v. Luster*, 71 A.3d 1029, 1048 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citations omitted).

While it is improper for a prosecutor to offer any personal opinion as to guilt of the defendant or credibility of the witnesses, it is entirely proper for the prosecutor to summarize the evidence presented, to offer reasonable deductions and inferences from the evidence, and to argue that the evidence establishes the defendant's guilt. In addition, the prosecutor must be allowed to respond to defense counsel's arguments, and any challenged statement must be viewed not in isolation, but in the context in which it was offered. [The] prosecutor must be free to present his or her arguments with logical force and vigor. Within reasonable bounds, the prosecutor may employ oratorical flair and impassioned argument when commenting on the evidence or presenting the case for imposition of the death penalty.

*Commonwealth v. Bryant*, 67 A.3d 716, 727-28 (Pa. 2013) (citations and internal quotation marks omitted) (brackets in original).

We find the prosecutor's comments are not impermissible when considered in context.

Our courts have explained that a prosecutor cannot intrude upon the exclusive function of the jury to evaluate the credibility of witnesses by broadly characterizing the testimony of a witness as a 'big lie.' Nonetheless, a prosecutor's assertion that a witness had lied does not warrant a new trial when the statement was a fair inference from irrefutable evidence rather than a broad characterization.

In cases where the outcome is controlled by credibility determinations, a prosecutor is permitted to make comments reinforcing the fact that the jury is presented with conflicting accounts. A prosecutor's contention that a defendant lied is neither unfair nor prejudicial when the outcome of the case is controlled by credibility, the accounts of the victim and the defendant conflict, and defense counsel suggests that the victim is fabricating. Under such circumstances, it would be difficult to conceive of any other approach when closing to the jury.

*Commonwealth v. Judy*, 978 A.2d 1015, 1023-24 (Pa. Super. 2009) (citations and internal quotation marks omitted).

- 8 -

Here, a majority of the defense closing consisted of defense counsel arguing that the complainant was unreliable; that her story does not make sense, that her inhibitions were lowered because she was intoxicated, that she willingly had sexual relations with her cab driver, Rosario, to spite her boyfriend, that she regretted what she had done and therefore lied about the sexual relations not being consensual. *See* N.T., Jury Trial - Volume 2, 9/14/2021, at 275-293. Defense counsel also spent a significant amount of time admitting that Rosario had lied on multiple occasions, and attempting to explain his lies. *See id*. at 293-297.

In this context, the prosecutor's comment to the effect that defense counsel did not believe Rosario and his comment to the effect that defense counsel insinuated the complainant could not be raped because she was intoxicated, both represented fair response to defense counsel's admission that Rosario had lied multiple times, and to the defense argument that the complainant fabricated the allegations against Rosario.

The reference to defense counsel not believing his own client was made in response to defense counsel's admission on the record that Rosario had lied on more than one occasion, and that Rosario told multiple versions of his side of the story until he told the true version of events. *See id*. at 293-97. The arguments to the effect that defense counsel had insinuated that the complainant could not have been raped because she was intoxicated, was responsive to defense counsel's comments during the defense closing that

when you are intoxicated, your inhibitions are lowered, and you do things that you normally would not do and regret later. ***See id***. at 276-277.

We conclude these comments represent permissible vigorous response to the defense. It is clear from the record that credibility was a principal concern in this case. The Commonwealth's case focused on the complainant's side of the story and corresponding testimony and her truthfulness. During closing argument, defense counsel contested the credibility of the complainant. Accordingly, the prosecutor was able to appropriately respond to these contentions.

Furthermore, we conclude Rosario has failed to establish that the prosecutor's comments had the unavoidable effect to prejudice the jurors by forming in their minds a fixed bias and hostility in such a manner as to impede their ability to weigh the evidence objectively and render a true verdict. While defense counsel certainly could feel personally slighted by the prosecutor's statements, it is less apparent that these statements could cause the jury to decide the case on personal enmity rather than their understanding of the facts of the case. If the jury found Rosario's version of events credible, the prosecutor's statements would merely reflect the prosecutor's disagreement. On the other hand, if the jury found the complainant's version of events credible, the prosecutor's statements could hardly be more damaging than the complainant's allegations themselves. Accordingly, even if the prosecutor's

statements were not properly related to the evidence and issues at trial, we cannot conclude that they improperly prejudiced the jury against Rosario.

Finally, even if these comments were prejudicial, the jury was properly instructed that arguments of counsel were not evidence and that it was their task alone to pass upon the credibility of the witnesses. *See id*. at 269-270, 333-334. The jury is presumed to have followed such instruction. *See Commonwealth v. Thompson*, 660 A.2d 68, 76 (Pa. Super. 1995). Rosario's first issue is without merit.

In his second and final issue, Rosario argues the evidence presented by the Commonwealth was insufficient to support his conviction for sexual assault. We are constrained to conclude Rosario's sufficiency claim is waived, as his Rule 1925(b) statement did not adequately identify the errors that he intended to challenge on appeal.

It is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). Further, an appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal. *See* Pa.R.A.P. 1925(b)(4)(ii) (requiring a Rule 1925(b) statement to "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge"). A Rule 1925(b) concise statement that is too vague can result in waiver of issues on appeal. *See*

***Commonwealth v. Dowling***, 778 A.2d 683, 686-687 (Pa. Super. 2001) ("a [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all").

> If [an appellant] wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. [Where a] 1925(b) statement [ ] does not specify the allegedly unproven elements[,] ... the sufficiency issue is waived [on appeal].

***Commonwealth v. Tyack***, 128 A.3d 254, 260 (Pa. Super. 2015) (citation omitted). Further, waiver applies even where the trial court addresses the issue in its Rule 1925(a) opinion and where the Commonwealth does not object to the defective Rule 1925(b) statement. ***See Commonwealth v. Williams***, 959 A.2d 1252, 1257 (Pa. Super. 2008) ("The Commonwealth's failure and the presence of a trial court opinion are of no moment to our analysis because we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion, not in a selective manner dependent on an appellee's argument or a trial court's choice to address an unpreserved claim.") (citations omitted).

Here, Rosario's Rule 1925(b) statement simply includes a blanket statement, declaring the evidence was insufficient to convict him of sexual assault. ***See*** Appellant's 1925(b) Statement, 4/11/2022. The statement fails to "specify the element or elements upon which the evidence was insufficient" to support Rosario's conviction. As a result, we must conclude Rosario's

sufficiency of the evidence claim is waived on appeal. *See Williams*, 959 A.2d at 1257-1258.

Even if Rosario had properly preserved this issue in his 1925(b) Statement, it would merit no relief.[1] Rosario relies on the complainant's testimony, which he indicates was inconsistent and therefore insufficient to establish either penetration or lack of consent. *See* Appellant's Brief, at 17-18. Such an assertion is a credibility determination which goes to the weight of the evidence, not sufficiency, and is for the fact-finder to decide. Accordingly, Rosario's sufficiency claim fails.

Judgment of sentence affirmed. Jurisdiction relinquished.

---

[1] Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. *See Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Id*. (citation omitted). "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." *Commonwealth v. Kinney*, 863 A.2d 581, 584 (Pa. Super. 2004) (citation omitted). Thus, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Bruce**, 916 A.2d at 661 (citation omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/29/2022