J-S41007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RONALD LEE BARKER :
:
Appellant : No. 363 WDA 2023

Appeal from the Judgment of Sentence Entered January 25, 2023
In the Court of Common Pleas of Clarion County
Criminal Division at No(s): CP-16-CR-0000435-2021

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: January 26, 2024**

Ronald Lee Barker appeals from the judgment of sentence entered in the Clarion County Court of Common Pleas on January 25, 2023, following his guilty plea to possession of child pornography. Barker is attempting to reverse his designation as a sexually violent predator ("SVP"). We affirm.

On May 4, 2022, Barker entered a guilty plea to one count of possession of child pornography. Pursuant to a plea agreement, the plea was open subject to the condition that the minimum sentence could not exceed thirty-five months' incarceration. Sentencing was deferred for an assessment by the Pennsylvania Sexual Offenders Assessment Board ("SOAB") for a recommendation of whether Barker fits the criteria of an SVP.

_____

[*] Former Justice specially assigned to the Superior Court.

On December 9, 2022, the trial court conducted an SVP hearing. The Commonwealth presented the report and detailed testimony of Brenda A. Manno, MSW, a licensed clinical social worker and member of the SOAB. Ms. Manno concluded that Barker meets the criteria to be classified as an SVP under Pennsylvania law.

Barker presented a letter from Robert M. Wettstein, MD, a board-certified psychiatrist, who stated it was his opinion that Barker cannot be determined to be an SVP under Pennsylvania law. Dr. Wettstein did not testify at the hearing. To conclude the hearing, Barker testified on his own behalf. After taking the matter under advisement, the court issued an order a month later, classifying Barker as an SVP.

On January 25, 2023, the trial court sentenced Barker to sixty months' probation with restrictive conditions, to include not less than thirty-five months on house arrest with GPS monitoring. Barker filed a post-sentence motion, which the trial court denied on February 22, 2023. On March 24, 2023, Barker filed the instant notice of appeal.

This Court issued a rule to show cause why this appeal should not be quashed as untimely filed, noting that the docket indicated that Barker filed his post-sentence motion more than ten days after the entry of judgment of sentence, and untimely post-sentence motions do not toll the 30-day appeal period. **See** Order, 5/1/2023. In his response to our rule to show cause, Barker's counsel indicated that he electronically filed the post-sentence motion

on Monday, February 6, 2023, at 5:13 p.m., and that the filing was accepted by the clerk of courts on February 7, 2023, at 8:37 a.m. Counsel insisted that even though the motion was not accepted by the clerk of courts until the next day, the motion was nevertheless filed within the 10-day window, and therefore Barker's appeal was timely. *See* Letter in Response to Rule to Show Cause, filed May 5, 2023. After consideration of counsel's response, our Court discharged the show-cause order, and advised counsel that the merits panel may revisit the issue.

Accordingly, as a prefatory matter, we must address our jurisdiction to entertain this appeal because an untimely appeal divests this Court of jurisdiction. *See Commonwealth v. Edrington*, 780 A.2d 721, 725 (Pa. Super. 2001). We may address questions of our jurisdiction *sua sponte*. *See id.*

"Absent extraordinary circumstances, an appellate court lacks the power to enlarge or extend the time provided by statute for taking an appeal." *Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014). "Thus, an appellant's failure to appeal timely an order generally divests the appellate court of its jurisdiction to hear the appeal." *Id*. (citation omitted).

Generally, a post-sentence motion must be filed within ten days after the imposition of sentence, and to be timely, an appeal must be filed within thirty days of the entry of the order deciding the motion. *See* Pa.R.Crim.P. 720(A). An untimely post-sentence motion does not toll the time to file an

appeal. ***See Commonwealth v. Green***, 862 A.2d 613, 618 (Pa. Super. 2004) (*en banc*).

Here, the court sentenced Barker on January 25, 2023. The last day to file a timely post-sentence motion was Monday, February 6, 2023, as the tenth day after sentencing fell on a Saturday. ***See*** 1 Pa.C.S. § 1908 (for computations of time, if the last day of any such period shall fall on a Saturday, Sunday, or any legal holiday, such day shall be omitted from the computation); ***see also*** Pa.R.A.P. 107 (stating that 1 Pa.C.S. § 1908 shall be applicable to the Rules of Appellate Procedure); and ***see Commonwealth v. Fill***, 202 A.3d 133, 138 (Pa. Super. 2019) (applying 1 Pa.C.S. § 1908). Barker filed a post-sentence motion that was received on February 6, 2023, but was not time-stamped and docketed until February 7, 2023.

It is arguable whether Barker's post-sentence motion was filed within the 10-day timeframe. In any event, we find any untimeliness of the instant appeal may be excused due to a breakdown in the processes of the court. A "breakdown" has been found where the trial court or the clerk of courts departed from the obligations specified in current Rules 704 and 720 of the Pennsylvania Rules of Criminal Procedure, which can be summarized as follows:

> Rule 704(C)(3)(a) states that, at the time of sentencing, "[t]he judge **shall** determine on the record that the defendant has been advised ... of the right to file a post-sentence motion and to appeal, ... [and] of the time within which the defendant must exercise those rights." The Comment to this Rule provides that "[t]his rule is intended to promote ... fair sentencing procedures

- 4 -

... by requiring that the defendant be fully informed of his or her post-sentence rights and the procedural requirements which must be met to preserve those rights." Furthermore, Rule 720(B)(4)(a) states that "[a]n order denying a post-sentence motion, whether issued by the judge ... or entered by the clerk of courts ..., **shall** include notice to the defendant of […] the right to appeal and the time limits in which the appeal must be filed." [The Comment to this Rule provides that] "[t]his requirement ensures adequate notice to the ... [appellant], which is important given the potential time lapse between the notice provided at sentencing and the resolution of the post-sentence motion."

*Commonwealth v. Patterson*, 940 A.2d 493, 498-99 (Pa. Super. 2007) (citations and some internal quotation marks omitted). Each rule serves a distinct purpose, and the language used evinces the mandatory nature of the separate notifications. *See id*. at 499.

Here, the trial court complied with Rule 704 at sentencing by notifying Barker of the time in which to file his post-sentence motion and appeal. However, the trial court completely failed to comply with the dictates of Rule 720. In the order denying Barker's post-sentence motion, the trial court did not notify Barker that, due to the late filing of his post-sentence motion, he had to file an appeal within thirty days of the imposition of sentence.[1] Had the trial court done so, Barker could have filed a timely appeal within the few days remaining in the original appeal period.

---

[1] In fact, the order simply denies the post-sentence motion, without giving any reason for doing so, and without giving any notification of any appellate rights.

- 5 -

The trial court's failure to comply with Rule 720 constitutes a breakdown that excuses any potential untimeliness of Barker's notice of appeal. While Barker did receive proper notification of his post-sentence and appellate rights at the time of sentencing, partial compliance with the rules is simply not sufficient. **See Patterson**, 940 A.2d at 499. Accordingly, we will proceed to review the merits of the instant appeal.

On appeal, Barker argues the trial court erred in finding that he is an SVP. Specifically, Barker contends the Commonwealth presented insufficient evidence to establish by clear and convincing evidence that he was an SVP.

Our standard and scope of review of a challenge to the sufficiency of the evidence relating to a trial court's SVP designation is as follows:

> In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is an SVP. As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

**Commonwealth v. Hollingshead**, 111 A.3d 186, 189 (Pa. Super. 2015) (citation and brackets omitted). "The clear and convincing standard means the evidence was so clear, direct, weighty, and convincing that the trier of fact could come to a clear conviction, without hesitating, concerning the facts at issue." **Commonwealth v. Feucht**, 955 A.2d 377, 380 (Pa. Super. 2008) (citation omitted).

An SVP is defined as "an individual who committed a sexually violent offense" and "who is determined to be a sexually violent predator ... due to a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses." 42 Pa.C.S.A. § 9799.12.

Section 9799.24(a) of SORNA provides that "a court shall order an individual convicted of a sexually violent offense to be assessed by the [SOAB]." 42 Pa.C.S.A. § 9799.24(a); *see also id*. § 9799.12 (defining sexually violent offense). Following the entry of such an order, the SOAB is responsible for conducting an assessment to determine whether the individual should be classified as an SVP. *Id*. § 9799.24(b). The assessment must consider the following factors:

> whether the instant offense involved multiple victims; whether the defendant exceeded the means necessary to achieve the offense; the nature of the sexual contact with the victim(s); the defendant's relationship with the victim(s); the victim(s)' age(s); whether the instant offense included a display of unusual cruelty by the defendant during the commission of the offense; the victim(s)' mental capacity(ies); the defendant's prior criminal record; whether the defendant completed any prior sentence(s); whether the defendant participated in available programs for sexual offenders; the defendant's age; the defendant's use of illegal drugs; whether the defendant suffers from a mental illness, mental disability, or mental abnormality; behavioral characteristics that contribute to the defendant's conduct; and any other factor reasonably related to the defendant's risk of reoffending.

*Hollingshead*, 111 A.3d at 190 (citation omitted); *see also* 42 Pa.C.S.A. § 9799.24(b)(1)-(4). After the SOAB completes its assessment, the trial court holds a hearing to "determine whether the Commonwealth has proved by clear

and convincing evidence that the individual is [an SVP]." *Id*. at § 9799.24(e)(3).

Here, the trial court determined the Commonwealth proved by clear and convincing evidence that Barker met the statutory criteria to be classified as an SVP pursuant to Pennsylvania law. *See* Trial Court Opinion, 5/22/23, at 3. Our review of the record agrees with this observation.

At the hearing, Ms. Manno testified that Barker met the criteria of an SVP and offered details of her report. *See* N.T., 12/9/22, at 5-33. The Commonwealth offered into evidence the SVP Assessment completed by Ms. Manno in its entirety. Pursuant to Section § 9799.58(b), Ms. Manno considered all fourteen factors in her assessment and concluded Barker met the criteria for an SVP under Pennsylvania law.

On the other hand, Barker offered a one-page letter from Dr. Wettstein that briefly stated his psychiatric opinion that Barker cannot be determined to be an SVP. Dr. Wettstein stated he reviewed some unspecified legal documents in connection with Barker's case. However, unlike Ms. Manno's assessment, Dr. Wettstein did not explain whether he evaluated the unspecified information in connection with the applicable legal standard.

Upon review, we conclude the evidence presented at the SVP hearing, viewed in the light most favorable to the Commonwealth, supports the trial court's finding that Barker should be classified as an SVP. *See Hollingshead*, 111 A.3d at 189. As the trial court observed, Ms. Manno satisfactorily

explained why Barker met the criteria for an SVP. The court found Ms. Manno's assessment, and corresponding testimony, to be reliable and compelling. **See** Trial Court Opinion, 5/22/23, at 3. On the other hand, the court did not find Dr. Wettstein's letter compelling, as it lacked any specificity. **See id**. Our review confirms that Ms. Manno's testimony, which was credited by the trial court, was sufficient to support her conclusion. Accordingly, we cannot grant Barker relief on his sole issue and affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

1/26/2024